1   DOWNEY BRAND LLP
    MICHAEL N. MILLS (Bar No. 191762)
2   555 Capitol Mall, Tenth Floor
    Sacramento, CA  95814-4686
3   Telephone:    (916) 444-1000
    Facsimile:     (916) 444-2100
4   mmills@downeybrand.com

5   Attorneys for Plaintiffs
    Peter Morton;  Sausalito Alta Mira LLC, a Nevada
6   limited liability company;  Harrison Ventures LLC, a
    California limited liability company;  and  Bulkley
7   Ventures LLC, a California limited liability company.

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   PETER MORTON; SAUSALITO ALTA          CASE NO. _____
     MIRA LLC, a Nevada limited liability
12   company; HARRISON VENTURES LLC, a     **COMPLAINT FOR INJUNCTIVE AND
     California limited liability company; and   DECLARATORY RELIEF AND
13   BULKLEY VENTURES LLC, a California     DAMAGES FOR VIOLATIONS OF:
     limited liability company,            (1) FEDERAL FAIR HOUSING ACT, 42
14                                         U.S.C. §§ 3601 et. seq.;  (2) AMERICANS
                   Plaintiffs,             WITH DISABILITIES ACT, 42 U.S.C. §§
15                                         12132 et seq.;  (3) CALIFORNIA FAIR
          v.                               EMPLOYMENT AND HOUSING ACT,
16                                         CALIFORNIA GOV'T CODE §§ 12900 et
     CITY OF SAUSALITO, a California        seq.;  (4) CALIFORNIA'S PLANNING
17   municipality,                         AND ZONING LAW, CALIFORNIA
                                           GOV'T CODE §§ 65000 et seq.;  (5)
18                 Defendant.              CALIFORNIA HEALTH & SAFETY
                                           CODE §§ 11750 et seq.**
19
                                           **DEMAND FOR JURY TRIAL**
20

21

22

23        Plaintiffs, PETER MORTON (included as "Plaintiffs") and SAUSALITO ALTA MIRA

24   LLC, a Nevada limited liability company, HARRISON VENTURES LLC, a California limited

25   liability company, and BULKLEY VENTURES LLC, a California limited liability company

26   (collectively referred to herein as the "Operators" and included as "Plaintiffs"), for causes of

27   action against Defendant CITY OF SAUSALITO, a California municipality (referred to as the

28   "City" and "Defendant"), allege as follows:

                                        1

892121.3

## I.     **PRELIMINARY STATEMENT**

1.     This matter arises pursuant to the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*, the Americans with Disabilities Act as codified in 42 U.S.C. §§ 12101 *et seq.*, the California Fair Employment and Housing Act as codified in Cal. Gov. Code §§ 12900 *et seq.*, the California Planning and Zoning Law as codified in Cal. Gov. Code §§ 65000 *et seq.*, and the California Health & Safety Code §§ 11750 *et seq.* Plaintiffs seek to prevent the City of Sausalito from interfering with the occupancy of those certain real properties situated at 125 Bulkley Avenue, 135 Bulkley Avenue, 141 Bulkley Avenue, 96 Harrison Street, 100 Harrison Street, 110 Harrison Street, 126 Harrison Street, and 25 Santa Rosa Avenue, all of which are located in Sausalito, California, and each of which operates as alcoholism or drug abuse recovery or treatment facilities serving six or fewer persons.

2.     Plaintiffs ask the Court to enjoin the City of Sausalito from improperly applying the City's Municipal Code land use regulations and controls with respect to the above-referenced properties, from discriminating against Plaintiffs on the basis of handicap or disability, and from otherwise yielding to the prejudices and fears of neighbors of the above-referenced properties about the presumed harm that people with disabilities would bring to their neighborhood. Plaintiffs seek a declaratory judgment that the use of the above-referenced properties as residences for recovering alcoholics and substance abusers is consistent with "single family" use.

3.     Further, Plaintiffs seek a declaratory judgment that the attempted application by the City of Sausalito of its Municipal Code and land use regulations and controls with respect to the above-referenced properties, and as applied to Plaintiffs' use and occupancy of such properties, violates the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*, the Americans with Disabilities Act as codified in 42 U.S.C. §§ 12101 *et seq.*, the California Fair Employment and Housing Act as codified in Cal. Gov. Code §§ 12900 *et seq.*, the California Planning and Zoning Law as codified in Cal. Gov. Code §§ 65000 *et seq.*, and California Health & Safety Code §§ 11750 *et seq.*

4.     Plaintiffs seek declaratory, preliminary and permanent injunctive relief to enjoin Defendant's conduct, as well as monetary damages, costs and reasonable attorneys' fees.

2

892121.3

## II.    JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 (federal question jurisdiction), 42 U.S.C. § 3613 (the Fair Housing Act), and 42 U.S.C. § 12133 (Americans with Disabilities Act).  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims because such claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts.

6.    Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201, 42 U.S.C. 3613(c)(1) (the Fair Housing Act), and 42 U.S.C. § 12133 (the Americans with Disabilities Act), as well as Rules 57 and 65 of the Federal Rules of Civil Procedure, and any other applicable statute providing for such relief under the laws of the State of California.

7.    Venue is proper in the United States District Court for the Northern District of California as all acts complained of occurred within this District.

8.    Intradistrict Assignment.  As all acts complained of occurred in the County of Marin, wherein Defendant is located, and the Operators conduct business, this case is properly assigned to either the San Francisco Division or Oakland Division of this Court, pursuant to Local Rule 3-2(d).

## III.    PARTIES

9.    Plaintiff, Peter Morton, is a former resident of that certain real property situated at 100 Harrison Avenue, is a person with a disability within the meaning of the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*, the Americans with Disabilities Act as codified in 42 U.S.C. §§ 12101 *et seq.*, the California Fair Employment and Housing Act as codified in Cal. Gov. Code §§ 12900 *et seq.*, the California Planning and Zoning Law as codified in Cal. Gov. Code §§ 65000 *et seq.*, and California Health & Safety Code §§ 11750 *et seq.*, and, as a recovering substance abuser, is a prospective returning resident of the Properties.

10.    Plaintiff Sausalito Alta Mira LLC, a Nevada limited liability company, is the owner of those certain real properties situated at 125 Bulkley Avenue, 110 Harrison Avenue, and 126 Harrison Avenue (collectively included herein as the "Properties"), each of which is located

3

1   in the City of Sausalito, California, and each of which houses and provides treatment for six or

2   fewer individuals for recovery from alcohol and substance abuse.

3          11.    Plaintiff Bulkley Ventures LLC, a California limited liability company, is the

4   owner of those certain real properties situated at 25 Santa Rosa Avenue, 135 Bulkley Avenue, and

5   141 Bulkley Avenue (collectively included herein as the "Properties"), each of which is located in

6   the City of Sausalito, California, and each of which houses and provides treatment for six or

7   fewer individuals for recovery from alcohol and substance abuse.

8          12.    Plaintiff Harrison Ventures LLC, a California limited liability company, is the

9   owner of those certain real properties situated at 96 Harrison Avenue and 100 Harrison Avenue

10  (collectively included herein as the "Properties"), each of which is located in the City of

11  Sausalito, California, and each of which houses and provides treatment for six or fewer

12  individuals for the recovery of alcohol and substance abuse.

13         13.    Plaintiffs are informed and believe, and thereon allege, that, in addition to

14  Plaintiffs, there are current or prospective residents of the Properties who have sustained injury or

15  damage as a result of the actions of the City, and who are all recovering alcoholics and/or

16  substance abusers and persons with disabilities within the meaning of the Fair Housing Act of

17  1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*, the

18  Americans with Disabilities Act as codified in 42 U.S.C. §§ 12101 *et seq.*, the California Fair

19  Employment and Housing Act as codified in Cal. Gov. Code §§ 12900 *et seq.*, the California

20  Planning and Zoning Law as codified in Cal. Gov. Code §§ 65000 *et seq.*, and California Health

21  & Safety Code §§ 11750 *et seq.*, and are all in need of housing and the treatment provided at the

22  Properties.  Such individuals may seek leave to intervene in this action.

23         14.    Defendant, the City of Sausalito (hereinafter "Defendant" or the "City"), is a

24  municipal corporation within the State of California and organized under the laws of the State of

25  California.  The City is responsible for the acts of its agents and employees, and is responsible for

26  the enactment, enforcement, and application of the City's Municipal Code and land use

27  regulations and ordinances.

28         15.    Plaintiffs are informed and believe, and thereon allege, that other individuals

4

892121.3

COMPLAINT

1   and/or entities, the names of which are currently unknown to Plaintiffs, are in some manner also

2   responsible for the acts and occurrences set forth herein.  Plaintiffs will amend this Complaint to

3   include such defendants when their true names and capacities are ascertained.

## IV.    STATUTORY AND REGULATORY FRAMEWORK

### The Fair Housing Act ("FHA")

6      16.    In 1988, Congress amended the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, to

7   extend the guarantee of fair housing to individuals with disabilities.  Congress also authorized the

8   Secretary of the United States Department of Housing and Urban Development to promulgate

9   regulations to implement the Fair Housing Act.  42 U.S.C. § 3614(a).

10     17.    Under the Fair Housing Act, the term "handicap" means, with respect to a person,

11   a "physical or mental impairment which substantially limits one or more of such person's major

12   life activities, a record of such an impairment, or being regarded as having such an impairment."

13   42 U.S.C. § 3602(h).  The term "physical or mental impairment" includes "alcoholism" and "drug

14   addiction (other than addiction caused by current, illegal use of a controlled substance)."  24

15   C.F.R. § 100.201.

16     18.    Under the Fair Housing Act, it is unlawful to discriminate against or otherwise

17   make unavailable or deny a dwelling to any buyer or renter because of a handicap of that buyer,

18   renter, or person residing in or intending to reside in that dwelling after it is sold, rented, or made

19   available.  42 U.S.C. § 3604(f)(1).

20     19.    The Fair Housing Act further provides that it is unlawful to discriminate against

21   any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the

22   provision of services or facilities in connection with such dwelling, because of  the  handicap of

23   that person or persons residing in or intending to reside in that dwelling after it is sold, rented, or

24   made available.  42 U.S.C. § 3604(f)(2).

25     20.    The federal regulations implementing the Fair Housing Act specifically prohibit,

26   as a discriminatory activity, assigning any person to a particular section of a community,

27   neighborhood, or development, because of a person's disability, or otherwise providing municipal

28   services differently because of handicap.  24 C.F.R. § 100.70(d)(4).

892121.3

21.     The federal regulations implementing the Fair Housing Act further make it unlawful, because of handicap, "to restrict or attempt to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, buying or renting a dwelling so as to . . . discourage or obstruct choices in a community, neighborhood or development." 24 C.F.R. § 100.70(a).

### The Americans With Disabilities Act ("ADA")

22.     The American with Disabilities Act requires that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, program, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132.

23.     The federal regulations implementing the Americans with Disabilities Act prohibit a public entity from discriminating against a qualified individual with a disability in administering a licensing program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability, nor may a public entity establish requirements for the programs or activities of licensees that subject qualified individuals with disabilities to discrimination on the basis of disability. 28 C.F.R. § 35.130(6).

24.     The federal regulations implementing the Americans With Disabilities Act also make it unlawful for a public entity, in determining the site or location of a facility, to make selections that have the purpose or effect of excluding, or denying benefits to, individuals with disabilities, or otherwise subjecting them to discrimination. 28 C.F.R. § 35.130(4)(i).

### The California Fair Employment and Housing Act ("FEHA")

25.     The California Fair Employment and Housing Act ("FEHA"), as set forth in California Government Code §§ 12900 *et seq.*, is administered by the California Department of Fair Employment and Housing.

26.     FEHA declares that discrimination in housing accommodations is against public policy and that its design is to eliminate discrimination. Gov. Code § 12920.

27.     As used in FEHA, the term "discrimination" is very broadly defined, and includes, among other things, (1) the provision of inferior terms, conditions, privileges, facilities, or

6

services in connection with housing accommodations, (2) harassment in connection with housing accommodations, (3) the provision of separated or segregated housing conditions, and (4) the refusal to make reasonable accommodations in rules, policies, practices, or services if accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling.  Gov. Code § 12927(c)(1).

28.     In addition, it is unlawful under FEHA for any person to make unavailable or deny a dwelling based on discrimination because of a protected characteristic [Gov. Code § 12955(k)], and to discriminate on the basis of a protected characteristic through public or private land use practices, decisions, and authorizations [Gov. Code § 12955(l)].

**California Planning and Zoning Law (Gov. Code §§ 65000 *et seq.*)**

29.     Any action under the Planning and Zoning Law, as codified in California Government Code §§ 65000 *et seq.*, by a city, county, or other local agency is null and void if it denies to any individual or group of individuals the enjoyment of residence, land ownership, tenancy, or any other land use because of the lawful occupation, age, race, color, religion, sex, sexual orientation, marital status, national origin, ancestry, familial status, source of income, or disability of such individual or group of individuals.  Gov. Code § 65008(a).

30.     No city, county, city and county, or other local governmental agency may, in the enactment or administration of ordinances under Gov. Code §§ 65000 *et seq.*, prohibit or discriminate against any residential development due to the lawful occupation, age, race, color, religion, sex, sexual orientation, marital status, national origin, ancestry, familial status, source of income, or disability of the owners or intended occupants.   Gov. Code § 65008(b), (c); *See* Gov. Code § 12955(a), (d), (m), (p)(1).

31.     No city, county, city and county, or other local governmental agency, because of the lawful occupation, age, race, color, religion, sex, sexual orientation, marital status, national origin, ancestry, familial status, source of income, or disability of the owners or intended occupants, impose different requirements on these residential developments than those imposed on developments generally, except as provided in Gov. Code § 65008(e).   Gov. Code § 65008(d)(2); see Gov. Code § 12955(a), (d), (m), (p)(1).

7

**California Health and Safety Code §§ 11750 *et seq.***

32.    In 1979, the California Legislature declared that "problems related to the inappropriate use of alcoholic beverages adversely affect the general welfare of the people of California," and that such problems "constitute the most serious drug problem in California." Health & Safety Code § 11760.

33.    In enacting California Health & Safety Code §§ 11750 *et seq.*, the California Legislature recognized that efforts to address the problems related to inappropriate alcohol use "are greatly hindered by," among other things, the "stigmatization of persons who have alcohol problems." Health & Safety Code § 11760.1.

34.    By enacting California Health & Safety Code §§ 11750 *et seq.*, the California Legislature conferred sole authority upon the California Department of Alcohol and Drug Programs to license alcoholism and drug abuse recovery or treatment facilities. Health & Safety Code § 11834.10.

35.    Subdivision (a) of § 11834.11 defines an alcoholism or drug abuse recovery or treatment facility so as to include ". . . any facility, place, or building that provides 24-hour residential non-medical services in a group setting to adults, which may include, but need not be limited to, mothers over 18 years of age and their children, and emancipated minors, which may include, but need not be limited to, mothers under 18 years of age and their children, who are recovering from alcohol, drug, or drug and alcohol misuse and are currently capable of meeting their life support needs independently, but who temporarily need guidance, counseling, or other alcohol or drug recovery services."

36.    Pursuant to the statutory scheme set forth in California Health & Safety Code §§ 11750 *et seq.*, "whether or not unrelated persons are living together, an alcoholism or drug abuse recovery or treatment facility which serves six or fewer persons shall be considered a residential use of property," and "the residents and operators of such a facility shall be considered a family for the purposes of any law or zoning ordinance which relates to the residential use of property." Health & Safety Code § 11834.23.

37.    Further, pursuant to the statutory scheme set forth in California Health & Safety

8

892121.3

1    Code §§ 11750 *et seq.*, for "the purposes of all local ordinances, an alcoholism or drug abuse

2    recovery or treatment facility which serves six or fewer persons shall not be included within the

3    definition of a boarding house, rooming house, institution or home for the care of minors, the

4    aged, or the mentally infirm, foster care home, guest home, rest home, sanitarium, mental hygiene

5    home, or other similar term which implies that the alcoholism or drug abuse recovery or treatment

6    home is a business run for profit or differs in any other way from a single-family residence."

7    Health & Safety Code § 11834.23.

8         38.    Further, pursuant to the statutory scheme set forth in California Health & Safety

9    Code §§ 11750 *et seq.*, "no conditional use permit, zoning variance, or other zoning clearance

10   shall be required of an alcoholism or drug abuse recovery or treatment facility which serves six

11   or fewer persons that is not required of a single-family residence in the same zone." Health &

12   Safety Code § 11834.23.

13        39.    Further, pursuant to the statutory scheme set forth in California Health & Safety

14   Code §§ 11750 *et seq.*, while such statutory scheme "shall not be construed to forbid the

15   application to an alcoholism or drug abuse recovery or treatment facility of any local ordinance

16   which deals with health and safety, building standards, environmental impact standards, or any

17   other matter within the jurisdiction of a local public entity," "the ordinance shall not distinguish

18   alcoholism or drug abuse recovery or treatment facilities which serve six or fewer persons from

19   other single-family dwellings or distinguish residents of alcoholism or drug abuse recovery or

20   treatment facilities from persons who reside in other single-family dwellings." Health & Safety

21   Code § 11834.23.

22        40.    Pursuant to the statutory scheme set forth in California Health & Safety Code §§

23   11750 *et seq.*, an "alcoholism or drug abuse recovery or treatment facility which serves six or

24   fewer persons shall not be subject to any business taxes, local registration fees, use permit fees, or

25   other fees to which other single family dwellings are not likewise subject."    Health & Safety

26   Code § 11834.22.

27              **V.    STATEMENT OF FACTS**

28        41.    Between approximately April, 2006, through June, 2006, the Operators submitted

9

892121.3

COMPLAINT

applications to the California Department of Alcohol and Drug Programs ("ADP") for approval to operate each of the eight Properties, with each of the Properties to serve six or fewer persons, as alcoholism or drug abuse recovery or treatment facilities pursuant to California Health & Safety Code §§ 11750 *et seq.* Plaintiffs are informed and believe, and thereon allege, that ADP inspected each of the Properties to ensure compliance with California Health & Safety Code §§ 11750 *et seq.*, and ADP thereafter issued the requested licenses.

42.    On or about September 10, 2007, the Operators began using the Properties as alcoholism or drug abuse recovery or treatment facilities in accordance with the licenses issued by ADP and pursuant to California Health & Safety Code § 11750 *et seq.*, with each of the Properties housing six or fewer individuals.

43.    Plaintiff, Peter Morton, was a resident of 100 Harrison Avenue between the months of September and October, 2007.

44.    In or about August, 2007, a representative of the Operators informed the City's mayor, Michael Kelly, that the Properties had been licensed by ADP to operate as drug and alcohol recovery or treatment facilities, and were scheduled to commence operation in September, 2007. Although Mr. Kelly openly expressed his support for such facilities to the Operators' representative, Plaintiffs are informed and believe, and thereon allege, that immediately after being so informed by the Operators' representative, Mr. Kelly undertook various actions, including contacting the City's attorney, in furtherance of preventing the Properties from being operated as drug and alcohol recovery or treatment facilities.

45.    Plaintiffs are informed and believe, and thereon allege, that, in furtherance of the City's desire to prevent the Properties from being operated as drug and alcohol recovery or treatment facilities, the City council called a special meeting for members of the community, which meeting occurred on August 23, 2007. Plaintiffs are further informed and believe that, at this meeting, the City council listened to members of the City's community voice their fears and prejudices with respect to the Properties being operated as drug and alcohol recovery or treatment facilities, and their fears and prejudices with respect to the perceived harm that people with disabilities would cause to their community, and Plaintiffs are informed and believe, and thereon

10

1    allege, that City representatives acknowledged at such meeting that California Health & Safety

2    Code § 11750 *et seq.* allowed such facilities to operate without any additional local regulations

3    not otherwise applicable to single family residences.

4         46.    Bowing to the community's fears and prejudices about people with disabilities and

5    the presumed harm that the Properties would bring to their neighborhood if allowed to operate as

6    drug and alcohol recovery or treatment facilities, in correspondence dated September 7, 2007, to

7    the Operators, Diane Henderson of the City's Community Development Department stated that

8    the Operators must obtain a conditional use permit and a business license prior to commencement

9    of the operation of the Properties as drug and alcohol recovery or treatment facilities.  Such

10   correspondence further stated that the "City will also require compliance with and payment of the

11   City's Transient Occupancy Tax in accordance with the provisions of Chapter 3.12 of the City of

12   Sausalito Municipal Code."  Finally, the correspondence further stated:  "Operation of the

13   proposed center without a CUP is in violation of the City of Sausalito's Municipal Code and the

14   City will promptly pursue all available legal remedies to correct any such violation."

15        47.    The Operators, by and through their counsel of record, responded to the City's

16   correspondence described in Paragraph 45 above by correspondence dated September 13, 2007,

17   and explained that, pursuant to California Health & Safety Code § 11750 *et seq.*, the City could

18   not impose any additional regulations on the use of the Properties as drug and alcohol recovery or

19   treatment facilities serving six or fewer individuals that could not be imposed on other single

20   family residences.

21        48.    Again, bowing to the community's fears and prejudices about people with

22   disabilities and the presumed harm that the Properties would bring to their neighborhood if

23   allowed to operate as drug and alcohol recovery or treatment facilities, the City filed an action in

24   the Superior Court of California, County of Marin, Case No. 074789, on October 9, 2007, against

25   the Operators for causes of action including public nuisance, declaratory relief, and preliminary

26   and permanent injunction, and alleging that the Operators must obtain a conditional use permit

27   and a business license prior to commencement of the operation of the Properties as drug and

28   alcohol recovery or treatment facilities, and must comply with the payment of the City's transient

11

COMPLAINT

occupancy tax.

49.    Plaintiffs are further informed and believe, and thereon allege, that following the filing of the lawsuit described in Paragraph 47 above, the City has solicited, and has in fact received, donations from various individuals and/or entities for the funding of such lawsuit.

50.    Pursuant to the provisions of the Federal Fair Housing Act and the California Fair Employment and Housing Act, by correspondence dated December 3, 2007, to Mayor Michael Kelly and the City Council, Plaintiffs' counsel requested that a reasonable accommodation be made by the City in the interpretation and application of the City's Municipal Code and land use regulations, that the Properties otherwise each be considered a single-family use and allowed to operate as alcoholism or drug abuse recovery or treatment facilities which serve six or fewer persons.  As of the date of the filing of this Complaint, no response has been received from the City and, therefore, Plaintiffs are informed and believe, and thereon allege, that the City has denied Plaintiffs' request for a reasonable accommodation.

51.    Plaintiffs are aggrieved persons and/or entities under the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3602(d) and (i) who have been injured by Defendant's discriminatory conduct, and have suffered damages, economic loss and a loss of civil rights. Further, the Plaintiffs who are residents or prospective residents of the Properties constitute persons with a "handicap" pursuant to the Fair Housing Act, 42 U.S.C. § 3602(h).

52.    The Properties are each dwellings within the meaning of § 802(b) of the Fair Housing Act, 42 U.S.C. § 3602(b).

53.    The actions undertaken by Defendant have been designed to obstruct, prevent, and/or otherwise interfere with Plaintiffs' lawful use and enjoyment of their Properties, including the right to reside at dwellings of their choice, to obstruct, prevent, and/or otherwise interfere with the lawful operation of the Properties as drug and alcohol recovery or treatment facilities serving six or fewer individuals, and to obstruct, prevent, interfere with, and/or limit the housing opportunities of unrelated disabled persons by denying them the right to live together as a group in any zoning district within the City of Sausalito without the implementation of terms, conditions, and privileges that are not imposed on similarly situated groups of unrelated persons.

12

892121.3

1    Such actions constitute intentional discrimination, motivated by *animus* against people with

2    disabilities.

3        54.    Plaintiffs are informed and believe, and thereon allege, that by aiding and/or

4    assisting the City in furtherance of the City's lawsuit identified in Paragraph 47 above, either

5    financially or otherwise, there are additional individuals and/or entities that are intentionally and

6    maliciously attempting to obstruct, prevent, and/or otherwise interfere with Plaintiffs' lawful use

7    and enjoyment of the Properties, including the right to reside at dwellings of their choice, to

8    obstruct, prevent, and/or otherwise interfere with the lawful operation of the Properties as drug

9    and alcohol recovery or treatment facilities serving six or fewer individuals, and to obstruct,

10    prevent, interfere with, and/or limit the housing opportunities of unrelated disabled persons by

11    denying them the right to live together as a group in any zoning district within the City of

12    Sausalito.  Such actions constitute intentional discrimination, motivated by *animus* against people

13    with disabilities.  Such individuals and/or entities will be included as defendants once their

14    identities are ascertained.

15        55.    The City is treating the residents of the Properties in a discriminatory manner and

16    is imposing far more stringent land use requirements on this group of unrelated, disabled

17    individuals living together in single family residences than it imposes upon individuals living

18    together in other single-family residences throughout the City who are related by blood or

19    marriage.

20        56.    By arbitrarily and unlawfully classifying the Properties collectively as a

21    commercial use, and not individually as a single-family use, the City is making single family

22    housing in the City unavailable to persons recovering from drug and alcohol addiction, and the

23    City has unlawfully denied Plaintiffs due process of law by its arbitrary and unlawful

24    classification of the Properties.

25        57.    Defendant has caused Plaintiffs to suffer damages including, but not limited to, the

26    threat and risk of losing housing and/or prospective housing, emotional and mental anguish,

27    embarrassment, humiliation, loss of civil rights, loss of income, and damage to reputation and

28    standing within the community, governmental agencies, and public officials.

13

58.     The City has acted under color of state law in failing to affirmatively further fair housing in its land use and code enforcement activities and administration, all with the purpose and effect of discriminating against Plaintiffs solely because of their handicap, and applying its Municipal Code and land use regulations so as to deny Plaintiffs the residential opportunities available to persons related by blood, marriage or adoption, or other groups of similarly situated unrelated persons, to live in single-family residential dwellings of their choice.

59.     The City will suffer no harm or adverse impact if the residents of the Properties are permitted to continue their occupancy pending the outcome of this case.

60.     Plaintiffs are living in fear of losing their homes and are suffering anxiety, emotional distress, pain, setbacks in their efforts at recovery, and other irreparable harm as a result of Defendant's actions.  They have no adequate remedy at law.

## VI.    CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## FAIR HOUSING ACT

61.     Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 60 above.

62.     The City, its agents and employees, are violating Plaintiffs' rights under the Fair Housing Act, 42 U.S.C. §§ 3601 *et. seq*, and its implementing regulations, by, among other things:

a.     discriminating against Plaintiffs, those who reside at the Properties and those who seek to reside at the Properties (collectively, "Disabled Residents"), by denying and otherwise making housing unavailable to such persons because of the Disabled Residents' disability;

b.     using and applying the City's Municipal Code and land use regulations in an arbitrary and capricious manner, so as to impose upon the owners of the Properties onerous compliance requirements, and as a pretext to exclude Plaintiffs and the Disabled Residents from the community because of the disability of such persons;

c.     discriminating because of handicap or disability in the terms, conditions,

14

892121.3

1   and privileges of residing at the Properties and in the provision of services and facilities in

2   connection with the Properties;

3               d.      enforcing discriminatory zoning rules and policies against the Plaintiffs,

4   and the Disabled Residents because of the disability of such persons;

5               e.      employing its Municipal Code and land use regulations to segregate and

6   reject persons recovering from drug and alcohol addiction because of their handicap;

7               f.      providing its Municipal Code enforcement services differently to persons

8   recovering from drug and alcohol addiction because of their handicap;

9               g.      restricting, interfering, or attempting to restrict or interfere, with the rights

10  of Plaintiffs and the Disabled Residents, because of their handicap, to live in the dwelling of their

11  choice;

12              h.      coercing, intimidating, and interfering with Plaintiffs and the Disabled

13  Residents, because of the handicap of such persons, in the exercise and enjoyment of their right to

14  reside in the dwelling of their choice; and

15              i.      failing to make reasonable accommodations in the application of its

16  Municipal Code and land use regulations to afford Plaintiffs and the Disabled Residents an equal

17  opportunity to use and enjoy the Properties.

18                          **SECOND CLAIM FOR RELIEF**

19                      **AMERICANS WITH DISABILITIES ACT**

20          63.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 62

21  above.

22          64.     The Plaintiff Operators are associated with, and/or provide housing to, people with

23  disabilities as defined in 42 U.S.C. § 12102(2).

24          65.     Defendant City is a public entity under 42 U.S.C. § 12131(1).

25          66.     The actions of Defendant City, to exclude, prevent, and/or otherwise interfere with

26  the Properties being occupied and used as drug and alcohol recovery or treatment facilities

27  serving six or fewer individuals, violates the rights of Plaintiffs and the Disabled Residents under

28  the Americans with Disabilities Act, 42 U.S.C. §§ 12132 *et seq.*, and the regulations promulgated

1   thereunder, by, among other things:

2            a.     discriminating against Plaintiffs and the Disabled Residents by denying

3   and otherwise making housing unavailable to such persons because of their handicap;

4            b.     using and applying the City's Municipal Code in an arbitrary and

5   capricious manner, so as to impose upon the owners of the Properties onerous compliance

6   requirements, and as a pretext to exclude Plaintiffs and the Disabled Residents from the

7   community and from living in the residence of their choice within the boundaries of the City,

8   because of the handicap of such persons;

9            c.     discriminating because of handicap in the terms, conditions, and privileges

10  of residing at the Properties and in the provision of services and facilities in connection with the

11  Properties;

12           d.     enforcing discriminatory zoning rules and policies against the Plaintiffs and

13  the Disabled Residents because of the handicap of such persons;

14           e.     employing its Municipal Code and land use regulations to segregate and

15  reject persons because of their handicap;

16           f.     providing its Municipal Code enforcement services differently to Plaintiffs

17  and the Disabled Residents because of their handicap;

18           g.     utilizing licensing and permit requirements, and other land use regulations,

19  to provide municipal code enforcement services that are not equal to those utilized with respect to

20  groups of related non-disabled persons, or to groups of unrelated disabled persons, who are not

21  recovering drug and alcohol addicts; and

22           h.     utilizing licensing and permit requirements to deny Plaintiffs and the

23  Disabled Residents, because of their handicap, the enjoyment of rights, privileges, advantages, or

24  opportunities enjoyed by others receiving the same aid, benefit, or service.

25  **THIRD CLAIM FOR RELIEF**

26  **UNLAWFUL HOUSING DISCRIMINATION**

27  **(Violation of California Government Code § 12900)**

28      67.    Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 66

16

892121.3

1    above.

2         68.    Defendant is violating the rights of Plaintiffs and the Disabled Residents under the

3    California Fair Employment and Housing Act ("FEHA"), as set forth in California Government

4    Code §§ 12900 *et seq.*, by, among other things:

5              a.    discriminating against Plaintiffs and the Disabled Residents by denying

6    and otherwise making housing unavailable to such persons because of their disability;

7              b.    using and applying the City's Municipal Code in an arbitrary and

8    capricious manner, so as to impose upon the owners of the Properties onerous compliance

9    requirements, and as a pretext to exclude Plaintiffs and the Disabled Residents from the

10   community because of the disability of such persons;

11             c.    discriminating because of handicap or disability in the terms, conditions,

12   and privileges of residing at the Properties and in the provision of services and facilities in

13   connection with the Properties;

14             d.    enforcing discriminatory zoning rules and policies against the Plaintiffs and

15   the Disabled Residents because of the disability of such persons;

16             e.    employing its Municipal Code and land use regulations to segregate and

17   reject persons recovering from drug and alcohol addiction because of their handicap;

18             f.    providing its Municipal Code enforcement services differently to persons

19   recovering from drug and alcohol addiction because of their handicap;

20             g.    restricting, interfering, or attempting to restrict or interfere, with the rights

21   of Plaintiffs and the Disabled Residents, because of their handicap, to live in the dwelling of their

22   choice;

23             h.    coercing, intimidating, and interfering with Plaintiffs and the Disabled

24   Residents, because of the handicap of such persons, in the exercise and enjoyment of their right to

25   reside in the dwelling of their choice;

26             i.    failing to make reasonable accommodations in the application of its

27   Municipal Code and land use regulations to afford Plaintiffs and the Disabled Residents an equal

28   opportunity to use and enjoy the Properties;

17

892121.3

1        j.   by making unavailable or denying to Plaintiffs and the Disabled Residents

2    their right to reside at the Properties, based on discrimination because of the protected

3    characteristic of their handicap; and

4        k.   discriminating against Plaintiffs and the Disabled Residents on the basis of

5    the protected characteristic of their handicap, through land use practices, decisions, and

6    authorizations.

7    **FOURTH CLAIM FOR RELIEF**

8    **UNLAWFUL HOUSING DISCRIMINATION**

9    **(California Government Code §§ 65008 *et seq.*)**

10      69.   Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 68

11   above.

12      70.   Defendant is violating the rights of Plaintiffs and the Disabled Residents under the

13   Planning and Zoning Law, as codified in California Government Code §§ 65000 *et seq.*, by,

14   among things:

15       a.   denying Plaintiffs and the Disabled Residents the enjoyment of residence,

16   landownership, tenancy, or any other land use because of the lawful occupation, age, race, color,

17   religion, sex, sexual orientation, marital status, national origin, ancestry, familial status, source of

18   income, or disability of such individual or group of individuals;

19       b.   through administration and implementation of the Municipal Code and land

20   use regulations,  prohibiting or discriminating against Plaintiffs and the Disabled Residents, due

21   to the lawful occupation, age, race, color, religion, sex, sexual orientation, marital status, national

22   origin, ancestry, familial status, source of income, or disability of such persons; and

23       c.   because of the lawful occupation, age, race, color, religion, sex, sexual

24   orientation, marital status, national origin, ancestry, familial status, source of income, or disability

25   of the Plaintiffs and the Disabled Residents, imposing different requirements with respect to the

26   Properties than those imposed on developments generally.

27

28   / / /

892121.3

# FIFTH CLAIM FOR RELIEF

## UNLAWFUL HOUSING DISCRIMINATION

### (Violation of California Health and Safety Code §§ 11750 *et seq.*)

71.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 70 above.

72.     Defendant is violating the rights of Plaintiffs and the Disabled Residents under California Health and Safety Code §§ 11750 *et seq.* by, among things:

a.     applying the City's Municipal Code and land use regulations so as to require a conditional use permit, zoning variance, or other zoning clearance for operation of the Properties as alcoholism or drug abuse recovery or treatment facilities which serve six or fewer persons that is otherwise not required of a single-family residence in the same zone;

b.     applying the City's Municipal Code and land use regulations in such a manner so as to distinguish the Properties, each being operated as alcoholism or drug abuse recovery or treatment facilities which serve six or fewer persons, from other single-family dwellings;

c.     applying the City's Municipal Code and land use regulations in such a manner so as to distinguish the residents of the Properties, each being operated as alcoholism or drug abuse recovery or treatment facilities, from persons who reside in other single-family dwellings;

d.     applying the City's Municipal Code and land use regulations so as to require, as a condition of operation of the Properties as alcoholism or drug abuse recovery or treatment facilities which serve six or fewer persons, the payment of business and transient occupancy taxes, local registration fees, use permit fees, or other fees to which other single family dwellings are not likewise subject.

## VII.   **RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray for the following relief:

1.     For a temporary restraining order, preliminary and permanent injunctions enjoining Defendant from taking any actions, either directly or indirectly, which would interfere

19

1     in any way with Plaintiffs' current use and occupancy of the Properties;

2          2.     For a declaratory judgment that Defendant has unlawfully discriminated against

3     Plaintiffs by (1) applying the City's Municipal Code and land use regulations in such a manner so

4     as to obstruct, interfere with, or otherwise restrict Plaintiffs' lawful use of the Properties as

5     alcoholism or drug abuse recovery or treatment facilities which serve six or fewer persons, and

6     (2) by obstructing, interfering, or otherwise restricting Plaintiffs' use and enjoyment of the

7     Properties on account of Plaintiffs' disabilities, all in violation of the Federal Fair Housing Act,

8     the Americans with Disabilities Act, the California Fair Employment and Housing Act, the

9     California Planning and Zoning Law, and Health and Safety Code §§ 11750 *et seq.*

10          3.     For a temporary restraining order, preliminary and permanent injunction enjoining

11     Defendant, its officers, employees, agents, attorneys and successors, and all persons in active

12     concert therewith, from enforcing the provisions of the City's Municipal Code and/or land use

13     regulations in a discriminatory manner in connection with the use of the Properties as alcoholism

14     or drug abuse recovery or treatment facilities which serve six or fewer persons;

15          4.     For a temporary restraining order, preliminary and permanent injunction enjoining

16     the Defendant, its officers, employees, agents, attorneys and successors, and all persons in active

17     concert therewith, from fining, prosecuting, or in any way interfering with the use of the

18     Properties as alcoholism or drug abuse recovery or treatment facilities which serve six or fewer

19     persons, or the rights of persons with disabilities from residing at the Properties.

20          5.     For a temporary restraining order, preliminary and permanent injunction enjoining

21     and otherwise staying the action filed by Defendant in the Superior Court of California, County of

22     Marin, Case No. 074789, on October 9, 2007, against the Operators for causes of action including

23     public nuisance, declaratory relief, and preliminary and permanent injunction, while this action is

24     pending;

25          6.     For an order declaring that Plaintiffs' use of the Properties as alcoholism or drug

26     abuse recovery or treatment facilities which serve six or fewer persons is a single-family use, and

27     all City Municipal Code provisions and land use regulations are to be applied accordingly;

28          7.     For an award of compensatory damages in an amount according to proof;

892121.3

8.    For an award of reasonable costs and attorneys' fees as allowed by federal and state statutes;

9.    For such other relief as the Court deems just and proper.

## VIII.  **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial. Fed. R. Civ. P. 38.

DATED:  December 7, 2007                          DOWNEY BRAND LLP

By:_____
                MICHAEL N. MILLS
Attorneys for Plaintiffs Peter Morton; Sausalito
Alta Mira LLC, a Nevada limited liability
company; Harrison Ventures LLC, a California
limited liability company; and Bulkley Ventures
LLC, a California limited liability company

892121.3

COMPLAINT