1   DOWNEY BRAND LLP
    MICHAEL N. MILLS (Bar No. 191762)
2   555 Capitol Mall, Tenth Floor
    Sacramento, CA  95814-4686
3   Telephone:     (916) 444-1000
    Facsimile:     (916) 444-2100
4   mmills@downeybrand.com

5   Attorneys for Plaintiffs
    Peter Morton; Sausalito Alta Mira LLC, a Nevada
6   limited liability company; Harrison Ventures LLC, a
    California limited liability company;  Bulkley
7   Ventures LLC, a California limited liability company;
    Rebecca Watt; Connie Cowden; Kimberly Mitchell-
8   Sellwood; and Stephanie Lynde

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12
    PETER MORTON; SAUSALITO ALTA            CASE NO.  CV 076220 VRW
13   MIRA LLC, a Nevada limited liability
    company; HARRISON VENTURES LLC, a       **FIRST AMENDED COMPLAINT FOR
14   California limited liability company;    INJUNCTIVE AND DECLARATORY
    BULKLEY VENTURES LLC, a California        RELIEF AND DAMAGES FOR
15   limited liability company; REBECCA WATT;  VIOLATIONS OF:    (1) FEDERAL
    CONNIE COWDEN; KIMBERLY                   FAIR HOUSING ACT, 42 U.S.C. §§ 3601
16   MITCHELL-SELLWOOD; and STEPHANIE         *et. seq.* and 42 U.S.C. § 1983;  (2)
    LYNDE,                                    AMERICANS WITH DISABILITIES
17                                            ACT, 42 U.S.C. §§ 12132 *et seq.* and 42
              Plaintiffs,                     U.S.C. § 1983;  and (3) DUE PROCESS
18                                            CLAUSE and 42 U.S.C. § 1983**
         v.
19                                           **DEMAND FOR JURY TRIAL**
    CITY OF SAUSALITO, a California
20   municipality,

21            Defendant.

22

23       Plaintiffs, PETER MORTON, REBECCA WATT, CONNIE COWDEN, KIMBERLY

24   MITCHELL-SELLWOOD, and STEPHANIE LYNDE (included as "Plaintiffs") and

25   SAUSALITO ALTA MIRA LLC, a Nevada limited liability company, HARRISON VENTURES

26   LLC, a California limited liability company, and BULKLEY VENTURES LLC, a California

27   limited liability company (collectively referred to herein as the "Operators" and included as

28   "Plaintiffs"), for causes of action against Defendant CITY OF SAUSALITO, a California

                                          1

892121.5

                    FIRST AMENDED COMPLAINT– CASE NO.  CV 076220 VRW

1  municipality (referred to as the "City" and "Defendant"), allege as follows:

2  I.  **PRELIMINARY STATEMENT**

3  1.  This matter arises pursuant to the Fair Housing Act of 1968, as amended by the

4  Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*, the Americans with

5  Disabilities Act as codified in 42 U.S.C. §§ 12101 *et seq.*, 42 U.S.C. § 1983, the Due Process

6  Clause of the United States Constitution, the California Fair Employment and Housing Act as

7  codified in California Government Code §§ 12900 *et seq.*, the California Planning and Zoning

8  Law as codified in California Government Code §§ 65000 *et seq.*, and the California Health and

9  Safety Code §§ 11750 *et seq.*  Plaintiffs seek to prevent the City of Sausalito from interfering

10  with the occupancy of those certain real properties situated at 125 Bulkley Avenue, 135 Bulkley

11  Avenue, 141 Bulkley Avenue, 96 Harrison Street, 100 Harrison Street, 110 Harrison Street, 126

12  Harrison Street, and 25 Santa Rosa Avenue (the "Properties"), all of which are located in

13  Sausalito, California, and each of which operates as an alcoholism or drug abuse recovery or

14  treatment facility serving six or fewer persons.

15  2.  Plaintiffs ask the Court to enjoin the City of Sausalito from improperly applying

16  the City's Municipal Code's  land use regulations and controls with respect to the above-

17  referenced Properties, from discriminating against Plaintiffs on the basis of handicap or disability,

18  and from otherwise yielding to the prejudices and fears of neighbors of the above-referenced

19  Properties about the presumed harm that people with disabilities would bring to their

20  neighborhood.  Plaintiffs seek a declaratory judgment that the use of the above-referenced

21  Properties as residences for recovering alcoholics and substance abusers is consistent with

22  "single-family" use.

23  3.  Further, Plaintiffs seek a declaratory judgment that the attempted application by

24  the City of Sausalito of its Municipal Code and land use regulations and controls with respect to

25  the above-referenced Properties, and as applied to Plaintiffs' use and occupancy of such

26  Properties, violates the Fair Housing Act of 1968, as amended by the Fair Housing Amendments

27  Act of 1988, 42 U.S.C. §§ 3601 *et seq.*, the Americans with Disabilities Act as codified in 42

28  U.S.C. §§ 12101 *et seq.*, 42 U.S.C. § 1983, and the Due Process Clause of the United States

2

892121.5

1  Constitution.

2       4.      Plaintiffs seek declaratory, preliminary and permanent injunctive relief to enjoin

3  Defendant's conduct, as well as monetary damages, costs and reasonable attorneys' fees.

4                    **II.      JURISDICTION AND VENUE**

5       5.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331

6  and 1343 (federal question jurisdiction), 42 U.S.C. § 3613 (the Fair Housing Act), and 42 U.S.C.

7  § 12133 (Americans with Disabilities Act).

8       6.      Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201, 42 U.S.C.

9  3613(c)(1) (the Fair Housing Act), and 42 U.S.C. § 12133 (the Americans with Disabilities Act),

10  42 U.S.C. § 1983, as well as Rules 57 and 65 of the Federal Rules of Civil Procedure, and any

11  other applicable statute providing for such relief under the laws of the United States.

12      7.      Venue is proper in the United States District Court for the Northern District of

13  California as all acts complained of occurred within this District.

14      8.      Intradistrict Assignment.  As all acts complained of occurred in the County of

15  Marin, wherein Defendant is located, and the Operators conduct business, this case is properly

16  assigned to either the San Francisco Division or Oakland Division of this Court, pursuant to Local

17  Rule 3-2(d).

18                          **III.      PARTIES**

19      9.      Plaintiff, Peter Morton, is a former resident of that certain real property situated at

20  100 Harrison Avenue, is a person with a disability within the meaning of the Fair Housing Act of

21  1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq*., and

22  the Americans with Disabilities Act as codified in 42 U.S.C. §§ 12101 *et seq*., and, as a

23  recovering substance abuser, is a prospective returning resident of the Properties.

24      10.     Plaintiff, Rebecca Watt, as of the date of the filing of the Complaint in this action,

25  was a resident of 25 Santa Rosa Avenue, a prospective returning resident of the Properties, and a

26  person with a disability within the meaning of the Fair Housing Act of 1968, as amended by the

27  Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq*., and the Americans with

28  Disabilities Act as codified in 42 U.S.C. §§ 12101 *et seq*.

892121.5

1    11.    Plaintiff, Connie Cowden, is a prospective resident of the Properties and a person

2    with a disability within the meaning of the Fair Housing Act of 1968, as amended by the Fair

3    Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*, and the Americans with

4    Disabilities Act as codified in 42 U.S.C. §§ 12101 *et seq.*

5    12.    Plaintiff, Kimberly Mitchell-Sellwood, as of the date of the filing of the Complaint

6    in this action, is scheduled to reside at 135 Bulkley Avenue beginning on or about December 20,

7    2007, is a prospective returning resident of the Properties and a person with a disability within the

8    meaning of the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of

9    1988, 42 U.S.C. §§ 3601 *et seq.*, and the Americans with Disabilities Act as codified in 42 U.S.C.

10    §§ 12101 *et seq.*

11    13.    Plaintiff, Stephanie Lynde, as of the date of the filing of the Complaint in this

12    action, was a resident of 25 Santa Rosa Avenue, and a prospective returning resident of the

13    Properties and a person with a disability within the meaning of the Fair Housing Act of 1968, as

14    amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*, and the

15    Americans with Disabilities Act as codified in 42 U.S.C. §§ 12101 *et seq.*

16    14.    Plaintiff Sausalito Alta Mira LLC, a Nevada limited liability company, is the

17    owner of those certain real properties situated at 125 Bulkley Avenue, 110 Harrison Avenue, and

18    126 Harrison Avenue, each of which is located in the City of Sausalito, California, and each of

19    which houses and provides treatment for six or fewer individuals for recovery from alcohol and

20    substance abuse and related conditions.

21    15.    Plaintiff Bulkley Ventures LLC, a California limited liability company, is the

22    owner of those certain real properties situated at 25 Santa Rosa Avenue, 135 Bulkley Avenue, and

23    141 Bulkley Avenue, each of which is located in the City of Sausalito, California, and each of

24    which houses and provides treatment for six or fewer individuals for recovery from alcohol and

25    substance abuse and related conditions.

26    16.    Plaintiff Harrison Ventures LLC, a California limited liability company, is the

27    owner of those certain real properties situated at 96 Harrison Avenue and 100 Harrison Avenue,

28    each of which is located in the City of Sausalito, California, and each of which houses and

4

892121.5

1    provides treatment for six or fewer individuals for the recovery of alcohol and substance abuse

2    and related conditions.

3         17.    Plaintiffs are informed and believe, and thereon allege, that, in addition to

4    Plaintiffs, there are current or prospective residents of the Properties who have sustained injury or

5    damage as a result of the actions of the City, and who are all recovering alcoholics, substance

6    abusers and/or persons with disabilities within the meaning of the Fair Housing Act of 1968, as

7    amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq*. and the

8    Americans with Disabilities Act as codified in 42 U.S.C. §§ 12101 *et seq*., and are all in need of

9    housing and the treatment provided at the Properties.  Such individuals may seek leave to

10   intervene in this action.

11        18.    Defendant, the City of Sausalito (hereinafter "Defendant" or the "City"), is a

12   municipal corporation within the State of California and organized under the laws of the State of

13   California, and at all times herein alleged was acting under the color of state law.  The City is

14   responsible for the acts of its agents and employees, and is responsible for the enactment,

15   enforcement, and application of the City's Municipal Code and land use regulations and

16   ordinances.

17        19.    Plaintiffs are informed and believe, and thereon allege, that other individuals

18   and/or entities, the names of which are currently unknown to Plaintiffs, are in some manner also

19   responsible for the acts and occurrences set forth herein.  Plaintiffs will amend this Complaint to

20   include such defendants when their true names and capacities are ascertained.

21              **IV.    STATUTORY AND REGULATORY FRAMEWORK**

22                        **The Fair Housing Act ("FHA")**

23        20.    In 1988, Congress amended the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*., to

24   extend the guarantee of fair housing to individuals with disabilities.  Congress also authorized the

25   Secretary of the United States Department of Housing and Urban Development to promulgate

26   regulations to implement the Fair Housing Act.  42 U.S.C. § 3614(a).

27        21.    Under the Fair Housing Act, the term "handicap" means, with respect to a person,

28   a "physical or mental impairment which substantially limits one or more of such person's major

5

892121.5

1    life activities, a record of such an impairment, or being regarded as having such an impairment."

2    42 U.S.C. § 3602(h). The term "physical or mental impairment" includes "alcoholism" and "drug

3    addiction (other than addiction caused by current, illegal use of a controlled substance)." 24

4    C.F.R. § 100.201.

5            22.      Under the Fair Housing Act, it is unlawful to discriminate against or otherwise

6    make unavailable or deny a dwelling to any buyer or renter because of a handicap of that buyer,

7    renter, or person residing in or intending to reside in that dwelling after it is sold, rented, or made

8    available. 42 U.S.C. § 3604(f)(1).

9            23.      The Fair Housing Act further provides that it is unlawful to discriminate against

10    any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the

11    provision of services or facilities in connection with such dwelling, because of the handicap of

12    that person or persons residing in or intending to reside in that dwelling after it is sold, rented, or

13    made available. 42 U.S.C. § 3604(f)(2).

14            24.      The federal regulations implementing the Fair Housing Act specifically prohibit,

15    as a discriminatory activity, assigning any person to a particular section of a community,

16    neighborhood, or development, because of a person's disability, or otherwise providing municipal

17    services differently because of handicap. 24 C.F.R. § 100.70(d)(4).

18            25.      The federal regulations implementing the Fair Housing Act further make it

19    unlawful, because of handicap, "to restrict or attempt to restrict the choices of a person by word

20    or conduct in connection with seeking, negotiating for, buying or renting a dwelling so as to . . .

21    discourage or obstruct choices in a community, neighborhood or development." 24 C.F.R. §

22    100.70(a).

23                        **The Americans With Disabilities Act ("ADA")**

24            26.      The American with Disabilities Act requires that no qualified individual with a

25    disability shall, by reason of such disability, be excluded from participation in or be denied the

26    benefits of the services, program, or activities of a public entity, or be subjected to discrimination

27    by any such entity. 42 U.S.C. § 12132.

28            27.      The federal regulations implementing the Americans with Disabilities Act prohibit

892121.5

FIRST AMENDED COMPLAINT – CASE NO. CV 076220 VRW

1    a public entity from discriminating against a qualified individual with a disability in administering

2    a licensing program in a manner that subjects qualified individuals with disabilities to

3    discrimination on the basis of disability, nor may a public entity establish requirements for the

4    programs or activities of licensees that subject qualified individuals with disabilities to

5    discrimination on the basis of disability.  28 C.F.R. § 35.130(6).

6        28.    The federal regulations implementing the Americans With Disabilities Act also

7    make it unlawful for a public entity, in determining the site or location of a facility, to make

8    selections that have the purpose or effect of excluding, or denying benefits to, individuals with

9    disabilities, or otherwise subjecting them to discrimination.  28 C.F.R. § 35.130(4)(i).

10                    **The California Fair Employment and Housing Act  ("FEHA")**

11        29.    The California Fair Employment and Housing Act ("FEHA"), as set forth in

12    California Government Code §§ 12900 *et seq.*, is administered by the California Department of

13    Fair Employment and Housing.

14        30.    FEHA declares that discrimination in housing accommodations is against public

15    policy and that its design is to eliminate discrimination.  Cal. Gov. Code § 12920.

16        31.    As used in FEHA, the term "discrimination" is very broadly defined, and includes,

17    among other things, (1) the provision of inferior terms, conditions, privileges, facilities, or

18    services in connection with housing accommodations, (2) harassment in connection with housing

19    accommodations, (3) the provision of separated or segregated housing conditions, and (4) the

20    refusal to make reasonable accommodations in rules, policies, practices, or services if

21    accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy

22    a dwelling.  Cal. Gov. Code § 12927(c)(1).

23        32.    In addition, it is unlawful under FEHA for any person to make unavailable or deny

24    a dwelling based on discrimination because of a protected characteristic [Cal. Gov. Code §

25    12955(k)], and to discriminate on the basis of a protected characteristic through public or private

26    land use practices, decisions, and authorizations [Cal. Gov. Code § 12955(l)].

27    ///

28                    **California Planning and Zoning Law (Gov. Code §§ 65000 *et seq.*)**

892121.5

1    33.    Any action under the Planning and Zoning Law, as codified in California

2    Government Code §§ 65000 *et seq.*, by a city, county, or other local agency is null and void if it

3    denies to any individual or group of individuals the enjoyment of residence, land ownership,

4    tenancy, or any other land use because of the lawful occupation, age, race, color, religion, sex,

5    sexual orientation, marital status, national origin, ancestry, familial status, source of income, or

6    disability of such individual or group of individuals.  Gov. Code § 65008(a).

7    34.    No city, county, city and county, or other local governmental agency may, in the

8    enactment or administration of ordinances under Gov. Code §§ 65000 *et seq.*, prohibit or

9    discriminate against any residential development due to the lawful occupation, age, race, color,

10    religion, sex, sexual orientation, marital status, national origin, ancestry, familial status, source of

11    income, or disability of the owners or intended occupants.    Gov. Code § 65008(b), (c); *See* Gov.

12    Code § 12955(a), (d), (m), (p)(1).

13    35.    No city, county, city and county, or other local governmental agency, because of

14    the lawful occupation, age, race, color, religion, sex, sexual orientation, marital status, national

15    origin, ancestry, familial status, source of income, or disability of the owners or intended

16    occupants, impose different requirements on these residential developments than those imposed

17    on developments generally, except as provided in Gov. Code § 65008(e).   Gov. Code §

18    65008(d)(2); see Gov. Code § 12955(a), (d), (m), (p)(1).

19    **California Health and Safety Code §§ 11750 *et seq.***

20    36.    In 1979, the California Legislature declared that "problems related to the

21    inappropriate use of alcoholic beverages adversely affect the general welfare of the people of

22    California," and that such problems "constitute the most serious drug problem in California."

23    Health & Safety Code § 11760.

24    37.    In enacting California Health & Safety Code §§ 11750 *et seq.*, the California

25    Legislature recognized that efforts to address the problems related to inappropriate alcohol use

26    "are greatly hindered by," among other things, the "stigmatization of persons who have alcohol

27    problems."  Health & Safety Code § 11760.1.

28    38.    By enacting California Health & Safety Code §§ 11750 *et seq.*, the California

8

892121.5

FIRST AMENDED COMPLAINT – CASE NO.  CV 076220 VRW

1   Legislature conferred sole authority upon the California Department of Alcohol and Drug

2   Programs to license alcoholism and drug abuse recovery or treatment facilities.  Health & Safety

3   Code § 11834.10.

4        39.     Subdivision (a) of § 11834.11 defines an alcoholism or drug abuse recovery or

5   treatment facility so as to include ". . . any facility, place, or building that provides 24-hour

6   residential non-medical services in a group setting to adults, which may include, but need not be

7   limited to, mothers over 18 years of age and their children, and emancipated minors, which may

8   include, but need not be limited to, mothers under 18 years of age and their children, who are

9   recovering from alcohol, drug, or drug and alcohol misuse and are currently capable of meeting

10  their life support needs independently, but who temporarily need guidance, counseling, or other

11  alcohol or drug recovery services."

12       40.     Pursuant to the statutory scheme set forth in California Health & Safety Code §§

13  11750 *et seq.*, "whether or not unrelated persons are living together, an alcoholism or drug abuse

14  recovery or treatment facility which serves six or fewer persons shall be considered a residential

15  use of property," and "the residents and operators of such a facility shall be considered a family

16  for the purposes of any law or zoning ordinance which relates to the residential use of property."

17  Health & Safety Code § 11834.23.

18       41.     Further, pursuant to the statutory scheme set forth in California Health & Safety

19  Code §§ 11750 *et seq.*, for "the purposes of all local ordinances, an alcoholism or drug abuse

20  recovery or treatment facility which serves six or fewer persons shall not be included within the

21  definition of a boarding house, rooming house, institution or home for the care of minors, the

22  aged, or the mentally infirm, foster care home, guest home, rest home, sanitarium, mental hygiene

23  home, or other similar term which implies that the alcoholism or drug abuse recovery or treatment

24  home is a business run for profit or differs in any other way from a single-family residence."

25  Health & Safety Code § 11834.23.

26       42.     Further, pursuant to the statutory scheme set forth in California Health & Safety

27  Code §§ 11750 *et seq.*, "no conditional use permit, zoning variance, or other zoning clearance

28  shall be required of an alcoholism or drug abuse recovery or treatment facility which serves six

9

892121.5

FIRST AMENDED COMPLAINT – CASE NO.  CV 076220 VRW

1   or fewer persons that is not required of a single-family residence in the same zone." Health &

2   Safety Code § 11834.23.

3        43.    Further, pursuant to the statutory scheme set forth in California Health & Safety

4   Code §§ 11750 *et seq*., while such statutory scheme "shall not be construed to forbid the

5   application to an alcoholism or drug abuse recovery or treatment facility of any local ordinance

6   which deals with health and safety, building standards, environmental impact standards, or any

7   other matter within the jurisdiction of a local public entity," "the ordinance shall not distinguish

8   alcoholism or drug abuse recovery or treatment facilities which serve six or fewer persons from

9   other single-family dwellings or distinguish residents of alcoholism or drug abuse recovery or

10   treatment facilities from persons who reside in other single-family dwellings."  Health & Safety

11   Code § 11834.23.

12        44.    Pursuant to the statutory scheme set forth in California Health & Safety Code §§

13   11750 *et seq*., an "alcoholism or drug abuse recovery or treatment facility which serves six or

14   fewer persons shall not be subject to any business taxes, local registration fees, use permit fees, or

15   other fees to which other single family dwellings are not likewise subject."   Health & Safety

16   Code § 11834.22.

17                              **42 U.S.C. § 1983**

18        45.    Pursuant to 42 U.S.C. § 1983, every person who, under color of any statute,

19   ordinance, regulation, custom, or usage of a state subjects, or causes to be subjected, a citizen of

20   the United States to the deprivation of any rights, privileges, or immunities secured by the

21   Constitution and laws is liable to the party injured in an action at law, suit in equity, or other

22   proper proceeding for redress.

23              **Fourteenth Amendment of the United States Constitution**

24        46.    The Fourteenth Amendment of the United States Constitution provides that "no

25   State shall . . . deprive any person of life, liberty, or property, without due process of law."

26                    **V.     STATEMENT OF FACTS**

27        47.    Between approximately April, 2006, through June, 2006, the Operators submitted

28   applications to the California Department of Alcohol and Drug Programs ("ADP") for approval to

                                    10

892121.5

FIRST AMENDED COMPLAINT – CASE NO.  CV 076220 VRW

1    operate each of the eight Properties, with each of the Properties to serve six or fewer persons, as

2    alcoholism or drug abuse recovery or treatment facilities pursuant to California Health & Safety

3    Code §§ 11750 *et seq.*  Plaintiffs are informed and believe, and thereon allege, that ADP

4    inspected each of the Properties to ensure compliance with California Health & Safety Code §§

5    11750 *et seq.*, and ADP thereafter issued the requested licenses.

6          48.     On or about September 10, 2007, the Operators began using the Properties as

7    alcoholism or drug abuse recovery or treatment facilities in accordance with the licenses issued

8    by ADP and pursuant to California Health & Safety Code § 11750 *et seq.*, with each of the

9    Properties housing six or fewer individuals.

10         49.     In or about August, 2007, a representative of the Operators informed the City's

11   Mayor, Michael Kelly, that the Properties had been licensed by ADP to operate as drug and

12   alcohol recovery or treatment facilities, and were scheduled to commence operation in September

13   2007.  Although Mr. Kelly openly expressed his support for such facilities to the Operators'

14   representative, Plaintiffs are informed and believe, and thereon allege, that immediately after

15   being so informed by the Operators' representative, Mr. Kelly undertook various actions,

16   including contacting the City's attorney, in furtherance of  preventing the Properties from being

17   operated as drug and alcohol recovery or treatment facilities.

18         50.     Plaintiffs are informed and believe, and thereon allege, that, in furtherance of the

19   City's desire to prevent the Properties from being operated as drug and alcohol recovery or

20   treatment facilities, the City Council called a special meeting for members of the community,

21   which meeting occurred on August 23, 2007.  Plaintiffs are further informed and believe that, at

22   this meeting, the City council listened to members of the City's community voice their fears and

23   prejudices with respect to the Properties being operated as drug and alcohol recovery or treatment

24   facilities, and their fears and prejudices with respect to the perceived harm that people with

25   disabilities would cause to their community, and Plaintiffs are informed and believe, and thereon

26   allege, that City representatives acknowledged at such meeting that California Health & Safety

27   Code § 11750 *et seq.* allowed such facilities to operate without any additional local regulations

28   not otherwise applicable to single family residences.

11

892121.5

FIRST AMENDED COMPLAINT – CASE NO.  CV 076220 VRW

1        51.    Bowing to the community's fears and prejudices about people with disabilities and

2  the presumed harm that the Properties would bring to their neighborhood if allowed to operate as

3  drug and alcohol recovery or treatment facilities, in correspondence dated September 7, 2007, to

4  the Operators, Diane Henderson of the City's Community Development Department stated that

5  the Operators must obtain a conditional use permit and a business license prior to commencement

6  of the operation of the Properties as drug and alcohol recovery or treatment facilities ("Cease and

7  Desist Correspondence").  The Cease and Desist Correspondence further stated that the "City will

8  also require compliance with and payment of the City's Transient Occupancy Tax in accordance

9  with the provisions of Chapter 3.12 of the City of Sausalito Municipal Code."  Finally, the Cease

10  and Desist Correspondence further stated:  "Operation of the proposed center without a CUP is in

11  violation of the City of Sausalito's Municipal Code and the City will promptly pursue all

12  available legal remedies to correct any such violation."

13        52.    The Operators, by and through their counsel of record, responded to the City's

14  Cease and Desist Correspondence by correspondence dated September 13, 2007, and explained

15  that, pursuant to California Health & Safety Code §§ 11750 *et seq.*, the City could not impose any

16  additional regulations on the use of the Properties as drug and alcohol recovery or treatment

17  facilities serving six or fewer individuals that could not be imposed on other single family

18  residences.

19        53.    Again, bowing to the community's fears and prejudices about people with

20  disabilities and the presumed harm that the Properties would bring to their neighborhood if

21  allowed to operate as drug and alcohol recovery or treatment facilities, the City filed an action in

22  the Superior Court of California, County of Marin, Case No. 074789, on October 9, 2007, against

23  the Operators for causes of action including public nuisance, declaratory relief, and preliminary

24  and permanent injunction, and alleging that the Operators must obtain a conditional use permit

25  and a business license prior to commencement of the operation of the Properties as drug and

26  alcohol recovery or treatment facilities, and must comply with the payment of the City's transient

27  occupancy tax (the "City's Lawsuit").

28        54.    Plaintiffs are further informed and believe, and thereon allege, that following the

892121.5

1   filing of the City's Lawsuit, the City has solicited, and has in fact received, donations from

2   various individuals and/or entities for the funding of such lawsuit.

3       55.     Pursuant to the provisions of the Federal Fair Housing Act and the California Fair

4   Employment and Housing Act, by correspondence dated December 3, 2007, to Mayor Michael

5   Kelly and the City Council, Plaintiffs' counsel requested that a reasonable accommodation be

6   made by the City in the interpretation and application of the City's Municipal Code and land use

7   regulations, that the Properties otherwise each be considered a single-family use and allowed to

8   operate as alcoholism or drug abuse recovery or treatment facilities which serve six or fewer

9   persons.  As of the date of the filing of this First Amended Complaint, no response has been

10  received from the City and, therefore, Plaintiffs are informed and believe, and thereon allege, that

11  the City has denied Plaintiffs' request for a reasonable accommodation.

12      56.     Plaintiffs constitute persons with a "handicap" pursuant to the Fair Housing Act,

13  42 U.S.C. § 3602(h), and are aggrieved persons and/or entities under the Fair Housing

14  Amendments Act of 1988, 42 U.S.C. § 3602(d) and (i) who have been injured by Defendant's

15  discriminatory conduct, and have suffered damages, economic loss and a loss of civil rights.

16      57.     The Properties are each dwellings within the meaning of § 802(b) of the Fair

17  Housing Act, 42 U.S.C. § 3602(b).

18      58.     The actions undertaken by Defendant have been designed to obstruct, prevent,

19  and/or otherwise interfere with Plaintiffs' lawful use and enjoyment of their Properties, including

20  the right to reside at dwellings of their choice, to obstruct, prevent, and/or otherwise interfere with

21  the lawful operation of the Properties as drug and alcohol recovery or treatment facilities serving

22  six or fewer individuals, and to obstruct, prevent, interfere with, and/or limit the housing

23  opportunities of unrelated disabled persons by denying them the right to live together as a group

24  in any zoning district within the City of Sausalito without the implementation of terms,

25  conditions, and privileges that are not imposed on similarly situated groups of unrelated persons.

26  Such actions constitute intentional discrimination, motivated by *animus* against people with

27  disabilities.

28      59.     Plaintiffs are informed and believe, and thereon allege, that by aiding and/or

13

892121.5

1  assisting the City in furtherance of the City's actions, as alleged herein, either financially or

2  otherwise, there are additional individuals and/or entities that are intentionally and maliciously

3  attempting to obstruct, prevent, and/or otherwise interfere with Plaintiffs' lawful use and

4  enjoyment of the Properties, including the right to reside at dwellings of their choice, to obstruct,

5  prevent, and/or otherwise interfere with the lawful operation of the Properties as drug and alcohol

6  recovery or treatment facilities serving six or fewer individuals, and to obstruct, prevent, interfere

7  with, and/or limit the housing opportunities of unrelated disabled persons by denying them the

8  right to live together as a group in any zoning district within the City of Sausalito.  Such actions

9  constitute intentional discrimination, motivated by *animus* against people with disabilities.  Such

10  individuals and/or entities will be included as defendants once their identities are ascertained.

11       60.    The City is treating the residents of the Properties in a discriminatory manner and

12  is imposing far more stringent land use requirements on this group of unrelated, disabled

13  individuals living together in single family residences than it imposes upon individuals living

14  together in other single-family residences throughout the City who are related by blood or

15  marriage.

16       61.    By arbitrarily and unlawfully classifying the Properties collectively as a

17  commercial use, and not individually as a single-family use, the City is making single family

18  housing in the City unavailable to persons recovering from drug and alcohol addiction, and the

19  City has unlawfully denied Plaintiffs due process of law by its arbitrary and unlawful

20  classification of the Properties.

21       62.    As a direct and proximate result of the conduct of the City, as alleged herein,

22  Plaintiffs have suffered damages including, but not limited to, the threat and risk of losing

23  housing and/or prospective housing, emotional and mental anguish, embarrassment, humiliation,

24  loss of civil rights, loss of income, and damage to reputation and standing within the community.

25       63.    The City has acted under color of state law in failing to affirmatively further fair

26  housing in its land use and code enforcement activities and administration, all with the purpose

27  and effect of discriminating against Plaintiffs solely because of their handicap, and applying its

28  Municipal Code and land use regulations so as to deny Plaintiffs the residential opportunities

14

892121.5

1    available to persons related by blood, marriage or adoption, or other groups of similarly situated

2    unrelated persons, to live in single-family residential dwellings of their choice.

3         64.     The City will suffer no harm or adverse impact if the residents of the Properties are

4    permitted to continue their occupancy pending the outcome of this case.

5         65.     Plaintiffs are living in fear of losing their homes and are suffering anxiety,

6    emotional distress, pain, setbacks in their efforts at recovery, and other irreparable harm as a

7    result of Defendant's actions.  They have no adequate remedy at law.

8                        **VI.    CLAIMS FOR RELIEF**

9                         **FIRST CLAIM FOR RELIEF**

10                   **FAIR HOUSING ACT and 42 U.S.C. § 1983**

11        66.     Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 65

12    above.

13        67.     The City, its agents and employees, acting under color of state law, are violating

14    Plaintiffs' statutory rights under the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, its

15    implementing regulations, and 42 U.S.C. § 1983, by, among other things:

16             a.      discriminating against Plaintiffs, those who reside at the Properties and

17    those who seek to reside at the Properties (collectively, "Disabled Residents"), by denying and

18    otherwise making housing unavailable to such persons because of the Disabled Residents'

19    disabilities;

20             b.      using and applying the City's Municipal Code and land use regulations in

21    an arbitrary and capricious manner, so as to impose upon the Operators onerous compliance

22    requirements, and as a pretext to exclude the Plaintiffs and Disabled Residents from the

23    community because of the disability of such persons;

24             c.      discriminating because of handicap or disability in the terms, conditions,

25    and privileges of residing at the Properties and in the provision of services and facilities in

26    connection with the Properties;

27             d.      enforcing discriminatory zoning rules and policies against the Plaintiffs,

28    and the Disabled Residents because of the disability of such persons;

15

892121.5

1        e.   employing its Municipal Code and land use regulations to segregate and

2    reject persons recovering from drug and alcohol addiction because of their handicap;

3        f.   providing its Municipal Code enforcement services differently to persons

4    recovering from drug and alcohol addiction because of their handicap;

5        g.   restricting, interfering, or attempting to restrict or interfere, with the rights

6    of Plaintiffs and the Disabled Residents, because of their handicap, to live in the dwelling of their

7    choice;

8        h.   coercing, intimidating, and interfering with Plaintiffs and the Disabled

9    Residents, because of the handicap of such persons, in the exercise and enjoyment of their right to

10   reside in the dwelling of their choice; and

11       i.   failing to make reasonable accommodations in the application of its

12   Municipal Code and land use regulations to afford Plaintiffs and the Disabled Residents an equal

13   opportunity to use and enjoy the Properties.

14            **SECOND CLAIM FOR RELIEF**

15       **AMERICANS WITH DISABILITIES ACT and 42 U.S.C. § 1983**

16     68.  Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 67

17   above.

18     69.  The Plaintiff Operators are associated with, and/or provide housing to, people with

19   disabilities as defined in 42 U.S.C. § 12102(2).

20     70.  Defendant City is a public entity under 42 U.S.C. § 12131(1).

21     71.  The actions of Defendant City, under color of state law, to exclude, prevent, and/or

22   otherwise interfere with the Properties being occupied and used as drug and alcohol recovery or

23   treatment facilities serving six or fewer individuals, violates the statutory rights of Plaintiffs and

24   the Disabled Residents under the Americans with Disabilities Act, 42 U.S.C. §§ 12132 *et seq.*,

25   and the regulations promulgated thereunder, and 42 U.S.C. § 1983, by, among other things:

26       a.   discriminating against Plaintiffs and the Disabled Residents by denying

27   and otherwise making housing unavailable to such persons because of their handicap;

28       b.   using and applying the City's Municipal Code in an arbitrary and

892121.5

FIRST AMENDED COMPLAINT – CASE NO.  CV 076220 VRW

1    capricious manner, so as to impose upon the Operators onerous compliance requirements, and as

2    a pretext to exclude Plaintiffs and the Disabled Residents from the community and from living in

3    the residence of their choice within the boundaries of the City, because of the handicap of such

4    persons;

5            c.      discriminating because of handicap in the terms, conditions, and privileges

6    of residing at the Properties and in the provision of services and facilities in connection with the

7    Properties;

8            d.      enforcing discriminatory zoning rules and policies against the Plaintiffs and

9    the Disabled Residents because of the handicap of such persons;

10           e.      employing its Municipal Code and land use regulations to segregate and

11   reject persons because of their handicap;

12           f.      providing its Municipal Code enforcement services differently to Plaintiffs

13   and the Disabled Residents because of their handicap;

14           g.      utilizing licensing and permit requirements, and other land use regulations,

15   to provide municipal code enforcement services that are not equal to those utilized with respect to

16   groups of related non-disabled persons, or to groups of unrelated disabled persons, who are not

17   recovering drug and alcohol addicts; and

18           h.      utilizing licensing and permit requirements to deny Plaintiffs and the

19   Disabled Residents, because of their handicap, the enjoyment of rights, privileges, advantages, or

20   opportunities enjoyed by others receiving the same aid, benefit, or service.

21                          **THIRD CLAIM FOR RELIEF**

22                      **DUE PROCESS CLAUSE and 42 U.S.C. § 1983**

23           72.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 71

24   above.

25           73.     The actions of the City as alleged herein, all under color of state law, are arbitrary,

26   capricious, without any compelling state interest and legitimate governmental reason, and have

27   been designed to deprive the Disabled Residents of their protected liberty and property interests

28   and to otherwise obstruct, prevent, and/or otherwise interfere with their right to live together as a

                                                        17
892121.5

1    group of six or fewer individuals in a residence of their choice.

2    74.    The actions of the City as alleged herein, all under color of state law, are arbitrary,

3    capricious, without any compelling state interest and legitimate governmental reason, and have

4    been designed to deprive the Operators of their protected liberty and property interests and to

5    otherwise obstruct, prevent, and/or otherwise interfere with the Operators' enjoyment and lawful

6    and legitimate use of the Properties, and the licenses that the Operators have been issued by the

7    California Department of Alcohol and Drug Programs to use and operate the Properties, as

8    alcoholism and drug abuse recovery or treatment facilities.

9    75.    The City's actions as alleged herein, and the failure of the City to provide any

10    meaningful procedures or policies to consider Plaintiffs' request for a reasonable accommodation,

11    all under color of state law, constitute a deprivation of Plaintiffs' liberty and property interests

12    without due process of law and are in violation of the Fourteenth Amendment of the United States

13    and 42 U.S.C. § 1983.

14    **VII.    RELIEF REQUESTED**

15    WHEREFORE, Plaintiffs pray for the following relief:

16    1.    For a temporary restraining order, preliminary and permanent injunctions

17    enjoining Defendant from taking any actions, either directly or indirectly, which would interfere

18    in any way with Plaintiffs' current use and occupancy of the Properties;

19    2.    For a declaratory judgment that Defendant has unlawfully discriminated against

20    Plaintiffs by (1) applying the City's Municipal Code and land use regulations in such a manner so

21    as to obstruct, interfere with, or otherwise restrict Plaintiffs' lawful use of the Properties as

22    alcoholism or drug abuse recovery or treatment facilities which serve six or fewer persons, and

23    (2) by obstructing, interfering, or otherwise restricting Plaintiffs' use and enjoyment of the

24    Properties on account of Plaintiffs' disabilities, all in violation of the Federal Fair Housing Act

25    and 42 U.S.C. § 1983, the Americans with Disabilities Act and 42 U.S.C. § 1983 , and the Due

26    Process Clause and 42 U.S.C. § 1983.

27    3.    For a temporary restraining order, preliminary and permanent injunction enjoining

28    Defendant, its officers, employees, agents, attorneys and successors, and all persons in active

18

892121.5

FIRST AMENDED COMPLAINT – CASE NO. CV 076220 VRW

1    concert therewith, from enforcing the provisions of the City's Municipal Code and/or land use

2    regulations in a discriminatory manner in connection with the use of the Properties as alcoholism

3    or drug abuse recovery or treatment facilities which serve six or fewer persons;

4        4.    For a temporary restraining order, preliminary and permanent injunction enjoining

5    the Defendant, its officers, employees, agents, attorneys and successors, and all persons in active

6    concert therewith, from fining, prosecuting, or in any way interfering with the use of the

7    Properties as alcoholism or drug abuse recovery or treatment facilities which serve six or fewer

8    persons, or the rights of persons with disabilities from residing at the Properties.

9        5.    For a temporary restraining order, preliminary and permanent injunction enjoining

10    and otherwise staying the action filed by Defendant in the Superior Court of California, County of

11    Marin, Case No. 074789, on October 9, 2007, against the Operators for causes of action including

12    public nuisance, declaratory relief, and preliminary and permanent injunction, while this action is

13    pending;

14        6.    For an order declaring that Plaintiffs' use of the Properties as alcoholism or drug

15    abuse recovery or treatment facilities which serve six or fewer persons is a single-family use, and

16    all City Municipal Code provisions and land use regulations are to be applied accordingly;

17        7.    For an award of compensatory damages in an amount according to proof;

18        8.    For an award of reasonable costs and attorneys' fees as allowed by federal statutes;

19        9.    For such other relief as the Court deems just and proper.

20                    **VIII. DEMAND FOR JURY TRIAL**

21        Plaintiffs hereby demand a jury trial. Fed. R. Civ. P. 38.

22    DATED:  December 19, 2007                DOWNEY BRAND LLP

23

24                                        By:_____/s/ Michael N. Mills_____
                                            MICHAEL N. MILLS
25                                        Attorneys for Plaintiffs Peter Morton; Sausalito
                                            Alta Mira LLC, a Nevada limited liability
26                                        company; Harrison Ventures LLC, a California
                                            limited liability company;  Bulkley Ventures
27                                        LLC, a California limited liability company;
                                            Rebecca Watt; Connie Cowden; Kimberly
                                            Mitchell-Sellwood; and Stephanie Lynde
28

                                        19

892121.5