# EXHIBIT C

DOWNEY | BRAND
ATTORNEYS LLP

3425 Brookside Road, Suite A
Stockton, CA 95219

P: 209/473-6450
F: 209/473-6455
downeybrand.com

Anthony L. Vignolo
avignolo@downeybrand.com

September 13, 2007

**VIA FEDERAL EXPRESS AND FACSIMILE (415) 339-2256**

City of Sausalito
Community Development Department
Attn: Diane Henderson, Development Director
420 Litho Street
Sausalito, CA 94965

Re:  *Harrison Ventures, LLC, Bulkley Ventures, LLC, and Sausalito Alta Mira, LLC –
California State Licensed Alcohol and Drug Rehabilitation Facilities*

Dear Ms. Henderson:

My office represents Harrison Ventures, LLC, Bulkley Ventures, LLC, and Sausalito Alta Mira, LLC. I am in receipt of your correspondences dated September 7, 2007, addressed to Michael Blatt, on behalf of these three separate entities, and addressed to Raymond Blatt, Bridgette Lank, and Meredith Levy.

Your correspondences state that, pursuant to various provisions of the Sausalito Municipal Code, my clients must obtain (1) a Conditional Use Permit prior to commencement of the operation of their treatment facilities, as well as (2) a City of Sausalito Business License. Your correspondences further state that the "City will also require compliance with and payment of the City's Transient Occupancy Tax in accordance with the provisions of Chapter 3.12 of the City of Sausalito Municipal Code."

The foregoing requirements appear to be based solely upon your erroneous statement that my clients have been licensed to operate a "48 bed" rehabilitation center by the State of California Department of Alcohol and Drug Programs, and your unilateral opinion that the facilities therefore fall "outside of Health and Safety Code section 11834.23." In fact, my clients have not been licensed to operate a "48 bed" rehabilitation center.

My clients have obtained eight licenses for operation of their facilities, each of which is situated on a separate legal address, and each of which will serve six or fewer individuals. Specifically, Harrison Ventures, LLC, has obtained two licenses, each of which is for the operation of a six-bed facility, and Bulkley Ventures, LLC, and Sausalito Alta Mira, LLC, have each obtained three licenses, each of which is for the operation of a six-bed facility. In addition, the licenses have been issued by the State of California, in conjunction with the State's routine review and approval process, pursuant to Health and Safety Code section 11834.10 *et seq.* Thus, your opinion that the facilities fall "outside of Health and Safety Code section 11834.23" is directly inconsistent with the findings and determinations of the State of California and the licenses that have been issued to my clients.

876520.1

Diane Henderson
September 13, 2007
Page 2

As I'm sure you are aware, Health and Safety Code § 11834.10 provides the State of California with "sole authority" with respect to the licensing of such facilities. In addition, local agencies must treat such facilities serving six or fewer individuals as a residential use of property, must consider the residents and operators of such facilities as a family for purposes of local zoning ordinances, and may not prohibit such facilities in residential areas. (*See* California Health and Safety Code § 1566.3; *City of Los Angeles v. Department of Health* (1976) 63 Cal.App.3d 473; *City of Cleburne v. Cleburne Living Ctr., Inc.*, (1985) 473 US 432). Thus, conditional use permits, business licenses, and transient occupancy taxes are not applicable to such facilities.

Aside from the fact that the licensing of my clients' facilities is within the sole jurisdiction of the State of California, it is also clear that the proximity of the separately licensed facilities is irrelevant. California Health & Safety Code § 1505(j) expressly provides that such drug and alcohol rehabilitation facilities are exempt from the over-concentration provision of § 1520.5. In addition, this provision has been explained and reaffirmed by the Attorney General of the State of California. (*See* 76 Op. Atty Gen. Cal. 173).

In short, the basis upon which you rely (*i.e.*, that my clients are operating a "48 bed" single facility) to support your opinion that my clients must obtain a Conditional Use Permit, a Business License, and comply with the City's Transient Occupancy Tax, is erroneous, directly contradictory to the findings and determinations of the State of California (which has sole jurisdiction over the licensing of such facilities), and wholly unsubstantiated by statutory and case law.

Finally, your correspondence states: "Operation of the proposed center without a CUP is in violation of the City of Sausalito's Municipal Code and the City will promptly pursue all available legal remedies to correct any such violation." Please be advised that, to the extent that the City attempts to interfere with my clients' facilities and/or circumvent the State's "sole authority" with respect to the licensing thereof, my clients will pursue all available rights and remedies against the City for all damages sustained by such actions, including attorneys' fees.

As an aside, I will say that I'm personally surprised by the position taken in your correspondences. I attended the special meeting called by the City of Sausalito on August 23, 2007. At that meeting, the City's attorney, Mary Wagner, presented a Powerpoint presentation that identified the eight separate facilities and licenses and that otherwise addressed most of the same laws that I have set forth above.

Diane Henderson
September 13, 2007
Page 3

The position set forth in your correspondences directly conflicts with my recollection of the advice given by Ms. Wagner at that meeting, and I therefore question whether the City is abusing its powers and otherwise proceeding maliciously against my clients so as to prevent what some City officials believe to be an unwanted, but lawful, use of residential property. Such an attitude exemplifies the public policy reasons for keeping the licensing scheme within the sole authority of the State of California and out of the hands of local municipalities.

Very truly yours,

DOWNEY BRAND LLP

Anthony L. Vignolo

ALV:jkh

cc:  Mary Wagner, Esq. (by facsimile only – (415) 453-8866)
State of California, Department of Alcohol and Drug Programs - c/o Rebecca Lira (by facsimile only (916) 322-2658, w/enclosure of City's letter dated January 7, 2007)
Edmund G. Brown, Jr., State of California Attorney General (by facsimile only – (916) 323-5341, w/enclosure of City's letter dated January 7, 2007)