# EXHIBIT D

JAMES M. WAGSTAFFE (95535)
MICHAEL VON LOEWENFELDT (178665)
ADRIAN J. SAWYER (203712)
**KERR & WAGSTAFFE LLP**
100 Spear Street, Suite 1800
San Francisco, CA 94105–1528
Telephone: (415) 371-8500
Fax: (415) 371-0500

MARY ANNE WAGNER (167214)
CITY ATTORNEY
**CITY OF SAUSALITO**
420 Litho Street
Sausalito, California 94965
Telephone: (415) 453-8866
Fax: (415) 289-4167

Attorneys for Plaintiff
CITY OF SAUSALITO

Exempt from Filing Fees
Pursuant To
Government Code § 6103

FILED
OCT 09 2007
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF MARIN

### UNLIMITED JURISDICTION

| | |
|---|---|
| CITY OF SAUSALITO, a California municipality,<br><br>Plaintiff,<br><br>v.<br><br>SAUSALITO ALTA MIRA LLC, a Nevada limited liability company, d/b/a Alta Mira Treatment Program, HARRISON VENTURES LLC, a California limited liability company, d/b/a Alta Mira Treatment Program, BULKLEY VENTURES LLC, a California limited liability company, d/b/a Alta Mira Treatment Program, and DOES 1-10,<br><br>Defendants | Case No. CL 074789<br><br>COMPLAINT<br><br>(1) PUBLIC NUISANCE<br><br>(2) DECLARATORY RELIEF<br><br>(3) PRELIMINARY AND PERMANENT INJUNCTION |

COMPLAINT

# INTRODUCTION

1. Plaintiff, the City of Sausalito ("City"), brings this an action for nuisance, declaratory relief, and injunctive relief arising out of the operation of the Alta Mira Treatment Program ("AMTP") in Sausalito.

2. AMTP is a 48-bed treatment center in Sausalito operated by defendants Harrison Ventures, LLC, Bulkley Ventures, LLC, and Sausalito Alta Mira, LLC. – three limited liability companies controlled by Michael and Raymond Blatt. AMTP operates in a campus comprised of the former Alta Mira Hotel and seven adjacent buildings, all located in the City in an area zoned for residential use. AMTP is a for-profit treatment center that charges over $40,000 per month and offers treatment for alcohol and drug abuse, eating disorders, post-traumatic stress disorder, situational life crisis, and sexual compulsivity, among other conditions.

3. The City's zoning regulations require a conditional use permit for AMTP to operate in a residential zone, as well as compliance with the City's business licensing, business tax, and transient occupancy tax laws. AMTP has refused to comply with each of those laws.

4. AMTP is attempting to evade the City's laws by utilizing several limited liability companies, and obtaining separate licenses from the California Department of Alcohol and Drug Programs ("ADP") for each of the eight buildings used in the AMTP campus. AMTP claims that it is really eight independent centers, each serving six or fewer people. That position is a transparent scheme designed only to evade the City's laws, and is belied by the advertising, organization, and operation of AMTP as a unified program serving up to 48 people. The City brings this action for a declaration that AMTP is subject to the City's laws, abatement of nuisance and other injunctive relief against the operation of AMTP without prior compliance with those laws.

# VENUE

5. Venue is proper in Marin County because defendants Harrison Ventures, LLC, and Bulkley Ventures, LLC, have their principal place of business in Marin County and because the acts giving rise to this action are occurring in Marin County.

## PARTIES

6. Plaintiff City is a California municipality located in Marin County, California. The City was incorporated in 1893.

7. Defendant Sausalito Alta Mira, LLC is a Nevada limited liability company with its principal place of business in Reno, Nevada. Sausalito Alta Mira, LLC does business in Sausalito under the registered fictitious business name Alta Mira Treatment Program.

8. Defendant Harrison Ventures, LLC is a California limited liability company with its principal place of business in Sausalito, California. Harrison Ventures, LLC does business in Sausalito under the registered fictitious business name Alta Mira Treatment Program.

9. Defendant Bulkley Ventures, LLC is a California limited liability company with its principal place of business in Sausalito, California. Bulkley Ventures, LLC does business in Sausalito under the registered fictitious business name Alta Mira Treatment Program.

10. Sausalito Alta Mira, LLC, Harrison Ventures, LLC, and Bulkley Ventures, LLC will sometimes collectively be referred to as "Defendants."

11. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to the City, which therefore sues said defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. The City further alleges that each of said fictitious defendants is in some manner responsible for the acts and occurrences herein set forth. The City will amend this complaint to show these defendants' true names and capacities when the same are ascertained, as well as the manner in which each fictitious defendant is responsible. The City is informed and believes and on that basis alleges that, at all relevant times, each of defendants, whether named or fictitious, was the agent or employee of each of the other defendants, and in doing the things alleged to have been done in the Complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

## GENERAL ALLEGATIONS

12. At some point in August or September of 2007, Defendants began operating a 48-bed treatment facility in Sausalito, the Alta Mira Treatment Program ("AMTP").

13. Several sections of the City's Municipal Code apply to AMTP:

    a. Chapter 10.22 of the City's Municipal Code requires a Conditional Use Permit for the operation of a residential care homes serving seven or more clients in districts zoned Multiple Family Residential (an "R-3" zoning designation);

    b. Chapter 5.04 of the City's Municipal Code provides that it is unlawful to operate a business in the City without obtaining a business license from the City;

    c. Chapter 5.04 further provides that businesses operating in the City must pay a business tax; and

    d. Chapter 3.12 of the City's Municipal Code requires the operator of any structure "which is occupied or intended or designed for occupancy by transients for dwelling, lodging or sleeping purposes" pay the City a transient occupancy tax.

14. Defendants have not complied with any of the foregoing permit, license, and tax ordinances. Rather, Defendants claim AMTP is exempt from those requirements under the Health and Safety Code. As such, AMTP has no conditional use permit and no business license, and has refused to pay the City's business tax and transient occupancy tax.

15. The Health and Safety Code contains no blanket exemption from local zoning and tax regulations for alcohol and drug treatment facilities. It does, however, contain limited exemptions for residential facilities that serve six or fewer persons.

16. One of these exemptions is found in Health and Safety Code section 11834.23, which states that an alcohol or drug abuse recovery or treatment facility serving six or fewer persons is considered a residential use of property, and that "[n]o conditional use permit, zoning variance, or other zoning clearance shall be required of an alcoholism or drug abuse recovery or treatment facility which serves six or fewer persons that is not required of a single-family residence in the same zone."

17. Another of these exemptions is found in Health and Safety Code section 11834.22, which states that [a]n alcoholism or drug abuse recovery or treatment facility which serves six or fewer persons shall not be subject to any business taxes, local registration fee, use permit fees, or other fees to which other single-family dwellings are not likewise subject."

18. The purpose of such a "six or fewer" person exemption "is to move people out of institutions into 'normal' family-like surroundings, not to move institutions into residential neighborhoods." McCaffrey v. Preston, 154 Cal. App. 3d 422, 432 (1984).

19. The central question in this case is whether the exemptions from local zoning and business tax laws found in Health and Safety Code sections 11834.23 and 11834.22 apply to AMTP. If they do not apply, then the operation of AMTP requires a conditional use permit, a business license, the payment of business tax, and the payment of the City's transient occupancy tax.

20. As described below, Defendants have sought to depict themselves as falling within the exemptions found in Health and Safety Code sections 11834.22 and 11834.23 by applying for and receiving separate licenses for each building on AMTP's campus, as if each were an independent program, notwithstanding the fact that all eight buildings are operated together as one program.

21. AMTP is operated on eight contiguous property parcels in Sausalito. The mailing addresses of these parcels are 125 Bulkley Avenue, 135 Bulkley Avenue, 141 Bulkley Avenue, 96 Harrison St., 100 Harrison St., 110 Harrison St., 126 Harrison St., and 25 Santa Rosa. The largest of the structures is the one at 125 Bulkley Avenue. On that site is located the former Alta Mira Hotel, a Sausalito landmark that formerly used to house up to 15 hotel guests.

22. All eight structures are contiguous and centered on the former hotel site, forming a unified campus of buildings.

23. Between September and December 2006, the Defendants applied for licenses with the State's Department of Alcohol and Drug Programs ("ADP") to operate AMTP. The license applications discussed each structure separately, without informing ADP of their interrelation.

1  One license was issued in December 2006, the remaining seven issued between April and June
2  2006.
3      24.   ADP's issuance of eight licenses is irrelevant to the City's claims herein. The
4  exemptions in sections 11834.22 and 11834.23 of the Health and Safety Code are not dependent
5  on the existence of a license, but instead on whether a facility serves six or fewer persons. The
6  artifice of obtaining separate licenses does not change the fact that AMTP serves more than six
7  persons.
8      25.   The ADP has stated that it treated the applications as separate because they were
9  for eight different addresses, and has admitted that it did not consider the license applications in
10 conjunction with each other. Accordingly, there have been no findings by ADP as to the overall
11 operation of AMTP, or how many people that program serves. ADP's own regulations recognize
12 that a group of buildings may constitute a single facility.
13     26.   As described below, the corporate ownership structure of AMTP, the contents of
14 the license applications submitted to ADP, and several other aspects of AMTP's operations all
15 make clear that AMTP is one unified program serving more than six persons.
16     27.   The AMTP is ultimately controlled by Michael Blatt and Raymond Blatt,
17 although a number of shell entities have been created to mask that fact. The Blatts manage three
18 LLCs – Bulkley Ventures, Harrison Ventures, and Sausalito Alta Mira – and used these three
19 LLCs to submit the applications for the eight properties on AMTP's campus. Sausalito Alta
20 Mira LLC submitted the applications for 110 Harrison, 126 Harrison, and 125 Bulkley. Bulkley
21 Ventures, LLC submitted the applications for 135 Bulkley, 141 Bulkley, and 25 Santa Rosa.
22 Harrison Ventures submitted the applications for 96 Harrison and 100 Harrison. Notably, both
23 Harrison Ventures LLC and Bulkley Ventures LLC list their mailing address with the Secretary
24 of State as 125 Bulkley Avenue – the Alta Mira Hotal address "licensed" as operated by
25 Sausalito Alta Mira LLC. All three LLCs list Michael Blatt as their agent for service of process.
26     28.   Thus the Blatts sought to create the impression of "separate" operation by
27 "different" licensees, all of which are ultimately run out of the same address and controlled by
28 the same people. Indeed, contrary to the inaccurate impression Defendants have attempted to

1  create with their ADP licensing applications, all three defendants registered *the same* fictitious
2  business name pursuant to Business & Professions Code section 17900 et seq. – all three are
3  registered with Marin County to do business under the single fictitious name "Alta Mira
4  Treatment Program" with a Sausalito mailing address of 125 Bulkley (the Alta Mira Hotel site).

5      29.    Second, the content of the ADP license applications – which discuss the
6  operational plans for AMTP – reveals clearly that AMTP is one unified program.

    a.    Seven of the eight applications referred to the name of the facility as "Alta Mira Treatment Program," while the remaining one called it "Alta Mira."

    b.    Each of the eight applications lists Raymond Blatt as the managing member of the LLC filing the application and as the contact person for the application.

    c.    Each of the eight applications listed the same phone number as the "Facility Phone Number."

    d.    Six of the eight applications listed Brigitte Lank, Clinical Director, as the Facility Administrator (the remaining two simply did not list a Facility Administrator).

    e.    Attached to each of the applications was a "Statement of Program Goals and Objectives" that is verbatim across the applications.

    f.    Attached to each of the applications was an "Outline of Activities and Services Provided by The Program" that is verbatim across the applications.

    g.    The "Admissions Policies and Procedures" submitted with each application refers only to the policies and procedures of the Alta Mira Treatment Program.

    h.    The Program Participation Agreement submitted with each application is titled "Alta Mira Treatment Program LLC Client Agreement and Conditions of Admission," and is substantively identical across each application.

6
COMPLAINT

   i. The list of facility personnel attached to each application was identical across each application.

30. Third, other aspects of AMTP demonstrate that it is one facility, not eight separate facilities serving six or fewer persons each.

  a. AMTP has one website under the name "Alta Mira Sausalito" which is located at www.altamirarecovery.com.

  b. The website originally advertised the Alta Mira Treatment Program as a 48-bed facility. Up until receipt of a September 7, 2007 cease-and-desist letter from the City, AMTP's web site still described AMTP as a "center."

  c. The City is informed and believes that AMTP, via its website and otherwise, is consistently advertised as a unified program, and that the eight buildings on the AMTP campus are not separately advertised to the public as separate facilities.

  d. The website lists only one set of staff for AMTP: one Executive Director, one Medical Director, one Natural Health Coordinator, one Executive Program Director, three Program Directors, one Adventure Director, and a handful of other staff below the director level.

  e. The City is informed and believes that the staff listed in the preceding paragraph are the staff for AMTP as a whole and are not assigned to particular houses on the campus.

  f. The City is also informed and believes that the administrative offices for the AMTP are located in the former Alta Mira Hotel, at 125 Bulkley.

  g. The City is also informed and believes that individuals who participate in AMTP do not apply to individual houses on the AMTP campus, but rather apply to the AMTP and are assigned by AMTP to a house.

  h. The City is also informed and believes that payments by residents in the program are made to AMTP.

     i.    The City is also informed and believes that residents in the program receive treatment and other services both in the houses where they sleep and in other AMTP buildings including the former hotel site.

     j.    The City is also informed and believes that certain of the houses on the AMTP campus lack treatment rooms, and that in fact treatments are not performed in those houses.

     k.    The City is also informed and believes that residents in the program participate in activities on a program-wide basis, rather than just with other residents of the particular houses where each sleeps.

     l.    The City is also informed and believes that AMTP does not maintain a separate kitchen staff for each house on the campus, but instead maintains one kitchen staff for AMTP.

     m.    The City is also informed and believes that AMTP has a single location where all program participants take their meals, and that not every house has its own cooking and eating facility.

31. In both intent and operation, the AMTP is a unified business operation providing services for up to 48 residents. It is the antithesis of the small, six resident or fewer, residential treatment program that state law mandates be treated like any other residence for purposes of local law. As such, AMTP is not exempt from the City's zoning and business regulations, and must comply with those laws in order to operate lawfully.

32. In addition, although the ADP licensed AMTP as a drug and alcohol abuse recovery or treatment facility, the facility also advertises that it treats eating disorders and post-traumatic stress disorder, among other mental illnesses or conditions. The Health and Safety Code mandates that only a hospital or a health facility designated by the Department of Health Services may treat eating disorders, and that only a health facility licensed by the Department of Health Services may treat mental illness. AMTP is not a hospital, is not a health facility designated by the Department of Health Services to treat eating disorders, and is not a health facility licensed by the Department of Health Services. Its treatment of eating disorders, post-

traumatic stress disorder, and mental illness without licenses for such activity is illegal. Moreover, even if licensed, the provision of such services to more than six people is a business that requires a Conditional Use Permit and is subject to licensing and taxation by the City.

33. On September 7, 2007, the City sent the Alta Mira Defendants a cease and desist letter ("September 7 Letter") informing them that the operation of AMTP required a conditional use permit, a business license, the payment of business taxes, and the payment of a transient occupancy tax.

34. On September 13, 2007, the Alta Mira Defendants responded to the September 7 Letter and made it clear they had no intention of applying for a conditional use permit, applying for a business license, paying business taxes, or paying transient occupancy taxes.

### FIRST CAUSE OF ACTION
### PUBLIC NUISANCE
### (by Plaintiff against all Defendants)

35. Plaintiff incorporates herein by reference each and every allegation of paragraphs 1 through 34, above.

36. Defendants are operating AMTP without a required conditional use permit as required by the City's zoning laws, without a business license, without paying applicable City business taxes, and without paying the City's transient occupancy tax.

37. Defendants are also operating AMTP for uses other than the uses for which it was licensed by the ADP, namely the treatment of eating disorders, post-traumatic stress disorder, and other mental illnesses, in contravention of California law.

38. The aforementioned use constitutes a public nuisance in that it violates local zoning regulations and violates the laws of California. Section 1.05.060 of the City's municipal code provides that any violation of the Municipal Code constitutes a public nuisance.

39. By the September 7 Letter, the City gave Defendants notice that the operation of AMTP violated City laws, but Defendants have made clear that they intend to continue with operation of AMTP.

40. Unless Defendants, and each of them, are enjoined from continuing their course of conduct, the City will suffer irreparable injury.

41. The City has no plain, speedy, or adequate remedy at law, and the City is expressly authorized to bring an action to abate this public nuisance under section 731 of the Code of Civil Procedure and section 1.05.060 of the City's Municipal Code.

42. Wherefore, the City prays for the relief set forth below.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF
### (by Plaintiff against all Defendants)

43. Plaintiff incorporates herein by reference each and every allegation of paragraphs 1 through 42, above.

44. An actual controversy has arisen and now exists between the City and Defendants as to whether Defendants operation of AMTP falls within the limited exceptions to local laws provided by Health and Safety Code sections 11834.22 and 11834.23. The City contends that Defendants' conduct does not fall within these exemptions. On information and belief, Defendants claim that it does.

45. The City desires a judicial declaration as to whether or not Defendants' operation of AMTP falls within the limited exceptions to local laws provided by Health and Safety Code sections 11834.22 and 11834.23.

46. A judicial declaration is appropriate at this time. Wherefore, the City prays for the relief set forth below.

## THIRD CAUSE OF ACTION
## INJUNCTION
### (by Plaintiff against all Defendants)

47. Plaintiff incorporates herein by reference each and every allegation of paragraphs 1 through 46, above.

48. Defendants' wrongful conduct, unless and until enjoined or restrained by order of this court, will cause great and irreparable injury to the City in that the continuing operation of AMTP will violate the City's laws as described above.

49. The City has no adequate remedy at law, as damages will not stop the unlawful conduct of Defendants and the City has the right to enforce its laws through injunction.

50. Wherefore, the City prays for the relief set forth below.

## PRAYER FOR RELIEF

Wherefore, the City prays for judgment as follows:

1. For a declaration that AMTP is not within the exemptions set forth in sections 11834.22 and 11834.23 of the Health and Safety Code for facilities serving six or fewer persons.

2. For a preliminary and permanent injunction enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them from operating AMTP absent a conditional use permit from the City as required by Chapter 10.22 of the City's Municipal Code.

3. For a preliminary and permanent injunction enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them from operating AMTP absent a business license from the City as required by Chapter 5.04 of the City's Municipal Code.

4. For a preliminary and permanent injunction enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them from operating AMTP absent the payment of the required business tax to the City as required by Chapter 5.04 of the City's Municipal Code.

5. For a preliminary and permanent injunction enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them from operating AMTP absent the payment of the transient occupancy tax to the City as required by Chapter 3.12 of the City's Municipal Code.

6. For attorneys' fees and costs of suit.

7. For such other and further relief as the Court deems proper.

DATED: October 9, 2007

KERR & WAGSTAFFE LLP

By _____
MICHAEL VON LOEWENFELDT

Attorneys for Plaintiff
CITY OF SAUSALITO

11
COMPLAINT