JAMES M. WAGSTAFFE (95535)
MICHAEL VON LOEWENFELDT (178665)
ADRIAN J. SAWYER (203712)
CHEROKEE D.M. MELTON (243265)
**KERR & WAGSTAFFE LLP**
100 Spear Street, Suite 1800
San Francisco, CA 94105–1528
Telephone: (415) 371-8500
Fax: (415) 371-0500

MARY ANNE WAGNER (167214)
CITY ATTORNEY
**CITY OF SAUSALITO**
420 Litho Street
Sausalito, California 94965
Telephone: (415) 453-8866
Fax: (415) 289-4167

Attorneys for Defendant
CITY OF SAUSALITO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER MORTON; SAUSALITO ALTA MIRA LLC, a Nevada limited liability company; HARRISON VENTURES LLC, a California limited liability company; and BULKLEY VENTURES LLC; a California limited liability company, REBECCA WATT; CONNIE COWDEN; KIMBERLY MITCHELL-SELLWOOD; and STEPHANIE LYNDE,<br><br>                     Plaintiffs<br><br>v.<br><br>CITY OF SAUSALITO, a California municipality,<br><br>                     Defendant. | Case No. C 07-6220 VRW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR STAY**<br><br>Date:     February 14, 2008<br>Time:    2:30 p.m.<br>Courtroom: 6<br><br>Hon. Vaughn R. Walker |

On February 14, 2008, this matter came before the Court on Defendant City of Sausalito's motion to dismiss or stay the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), 28 U.S.C. § 2283, and <u>Younger v. Harris</u>, 401 U.S. 37 (1971). Having read and considered the papers submitted by the parties, as well as the arguments of counsel at the hearing, and being fully informed, the Court GRANTS Defendant City of Sausalito's motion for the following reasons:

Plaintiffs assert three claims: a First Claim for Relief, for violation of the Fair Housing Act and 42 U.S.C. § 1983; a Second Claim for Relief, for violation of the Americans with Disabilities Act and 42 U.S.C. § 1983; and a Third Claim for Relief, for violation of 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment. Plaintiffs base each of these claims on (1) a pre-lawsuit letter sent by the City of Sausalito to Plaintiffs Sausalito Alta Mira LLC, Harrison Ventures LLC, and Bulkley Ventures LLC (collectively, the "AMTP Operators"); and (2) a lawsuit filed by Defendant City of Sausalito in Marin County Superior Court against the AMTP Operators (the "Marin County Action").

Based on the reasoning set forth in Defendant City of Sausalito's moving papers, the Court finds that each of Plaintiffs' claims for relief is based on protected petitioning activity by the City of Sausalito, and thus barred by the <u>Noerr-Pennington</u> doctrine. <u>Sosa v. DIRECTV, Inc.</u>, 437 F.3d 923, 931 (9th Cir. 2006); <u>Empress LLC v. City & County of San Francisco</u>, 419 F.3d 1052, 1056 (9th Cir. 2005) (citing <u>Manistee Town Ctr. v. City of Glendale</u>, 227 F.3d 1090, 1092 (9th Cir. 2000)); <u>White v. Lee</u>, 227 F.3d 1214, 1231-32 (9th Cir. 2000). The <u>Noerr-Pennington</u> doctrine alone provides a sufficient basis to dismiss the First Amended Complaint in its entirety without leave to amend.

Defendants also advance ample independent and alternative grounds for a dismissal or stay of the First Amended Complaint. Plaintiffs' claims for injunctive and declaratory relief under the Fair Housing Act and the Americans with Disabilities Act are barred by the Anti-Injunction Act. <u>See</u> 28 U.S.C. § 2283. Further, each of Plaintiffs' three claims for relief comes with the <u>Younger</u> abstention doctrine, first announced in <u>Younger v. Harris</u>, 401 U.S. 37 (1971). That doctrine "'forbid[s] federal courts [from] stay[ing] or enjoin[ing] pending state court

1  proceedings." AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1147 (9th Cir. 2007).  Where
2  a case comes within Younger abstention, claims for injunctive and declaratory relief are to be
3  dismissed and claims for money damages are to be stayed pending the outcome of the state
4  proceeding.  AmerisourceBergen, 495 F.3d at 1148.  Unlike the Anti-Injunction Act, there is no
5  exception to Younger for section 1983 claims.  Gilbertson v. Albright, 381 F.3d 965, 979-80 (9th
6  Cir. 2004) (en banc) (holding Younger abstention applied to section 1983 claim).  Accordingly,
7  even if Plaintiffs' claims were not barred in their entirety by the Noerr-Pennington doctrine, the
8  Court would still dismiss the claims for injunctive and declaratory relief and stay all claims for
9  damages pending the outcome of the Marin County Action.
10        In addition, the individual Plaintiffs here (Plaintiffs Peter Morton, Rebecca Watt, Connie
11  Cowden, Kimberley Mitchell-Sellwood, and Stephanie Lynde) have not suffered an injury in
12  fact.  Each of them, therefore, lacks standing under Article III of the Constitution.  Lujan v.
13  Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).
14        Finally, and even apart from the bases for dismissal or stay set forth above, Plaintiffs fail
15  to allege facts sufficient to state their claims for relief, warranting dismissal under Federal Rule
16  of Civil Procedure 12(b)(6), for the reasons stated in Defendant's moving papers.
17        Accordingly, IT IS HEREBY ORDERED THAT plaintiffs' First Amended Complaint is
18  DISMISSED without leave to amend.
19        IT IS SO ORDERED.
20
21  DATED: _____
22
23
24                                                          _____
                                                             Honorable Vaughn R. Walker
25                                                          UNITED STATES DISTRICT CHIEF JUDGE
26
27
28



NO. C 07-6220 VRW                                2                  [PROPOSED] ORDER GRANTING MOT. TO DISMISS OR STAY